McCARTNEY v. WOOD-TEMPLE CO.

1. Master and Servant—Workmen's Compensation Act—Award of Department Final if Sustained by Legal Evidence.

On certiorari to review an award under the workmen's compensation act, if there is any legal evidence sustaining the award the Supreme Court is not at liberty to set it aside.

2. Same—Reports by Employer Prima Facie Evidence—Accident Arising Out of and in Course of Employment.

Reports by an employer to the department of labor and industry, as required by law, made after ample opportunity to investigate an accidental injury to an employee resulting in blood poisoning and death, stating facts from which it could be inferred that the accident arose out of and in the course of the employment, furnish *prima facie* evidence of such facts sufficient to sustain an award under the workmen's compensation act, although the testimony without the aid of the reports would probably have been insufficient.

Certiorari to Department of Labor and Industry. Submitted January 4, 1922.    (Docket No. 20.)    Decided March 31, 1922.

Ruby R. McCartney and others presented their claim for compensation against the Wood-Temple Company for the accidental death of their decedent in defendant's employ.    From an order awarding compensation, defendant and the Ocean Accident & Guarantee Corporation, Limited, insurer, bring certiorari.    Affirmed.

*Vandeveer & Foster,* for appellants.

*R. W. Nebel,* for appellees.

On conclusiveness of findings as to whether injury was one "arising out of and in the course of" the employment, see note in L. R. A. 1918F, 915.

WIEST, J. George McCartney was a printer in the employ of the Wood-Temple Company at Munising, Michigan. On January 28, 1921, he became so ill from a streptococcic infection originating from a small cut in the index finger of his right hand that he quit work and took to his bed, and on March 19, 1921, he died from septicæmia, or blood poisoning. A claim for compensation under the workmen's compensation law was made against the Wood-Temple Company, on the ground that the injury to his finger, the seat of the infection, was the result of an accident arising out of and in the course of his employment. An arbitration award was affirmed by the department of labor and industry, and the case is here for review on writ of certiorari, defendants claiming that the evidence wholly failed to show the injury was received out of and in the course of the employment.

The Wood-Temple Company, by Arthur D. Wood, manager, made two reports to the department of labor and industry. In the first of which, dated February 2, 1921, it was stated that the date of the accident was "January 22, 1921," and the place the "news and job rooms," the cause and manner of accident "cut on index finger—infection of finger and right arm." In the second report, dated March 10, 1921, it was stated, date of accident, "January 28, 1921," place of accident "newspaper office," cause and manner of accident, "infection," nature and extent of injury, "infection from handling type."

In affirming the arbitration award the commission reviewed the evidence and held that the accident arose out of and in the course of the employment of the deceased. This holding is attacked on the ground that there was no testimony given by any witness showing that the accident was received while the deceased was working in the printing office. If there was any legal evidence sustaining the finding we are not at

liberty to set it aside. The reports made by the employer and filed with the department, as required by law, appear to have been made after investigation by Mr. Wood, and after he had had ample opportunity to satisfy himself of the facts, and under our holdings such reports furnished *prima facie* evidence that the accident arose out of and in the course of the employment of Mr. McCartney.

A reading of the testimony discloses that Mr. Wood not only talked with Mr. McCartney, but also with the attending physician, and that he worked in the printing office with Mr. McCartney. He was well aware of the fact that in handling the material in the office cuts upon the hands were of frequent occurrence. The testimony without the aid of the reports would probably bring the case within *Hubbard* v. *Republic Motor Truck Co.*, 216 Mich. 358, but the reports of the employer constituted *prima facie* evidence of the accident and that it arose out of and in the course of the employment. Such reports furnished legal support for the finding that the accident arose out of and in the course of the employment. *Reck* v. *Whittlesberger*, 181 Mich. 463 (Ann. Cas. 1916C, 771) ; *Ginsberg* v. *Adding Machine Co.*, 204 Mich. 130.

The award is affirmed.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.