KELLY *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—REPORTS AS ADMISSIONS.

Report of an accident to department of labor and industry made by employer or his authorized agent, whose duty it is to make report of accidents and who has the opportunity to investigate, is receivable as an admission as to manner in which accident occurred and, as an admission, may be sufficient to establish a *prima facie* case regardless of how the employer procured his information.

2. SAME—MEMORANDA—HEARSAY—REPORTS.

Memoranda of occurrence of accident to employee as claimed by him to employer which was not investigated by employer nor adopted by employer by filing a report with the department of labor and industry *held*, hearsay and inadmissible as evidence in proceeding to recover workmen's compensation.

3. CONSTITUTIONAL LAW—EVIDENCE.

While no person has a vested right in a rule of evidence, change of a rule of such a nature as substantially to deprive a party of the right to present his side of a case and thus deny due process is not permissible.

4. SAME—DUE PROCESS.

A law which would practically shut out the evidence of a party and thus deny him the opportunity for a trial, would substantially deprive him of due process of law.

5. WORKMEN'S COMPENSATION—HEARSAY RECORD OF INJURY.

Employer who is compelled by law to make a record of all injuries to his employees may not be confronted with such records, where made entirely on hearsay information and unverified, as proofs of accident (Comp. Laws 1929, § 8456; § 14207, as amended by Act No. 15, Pub. Acts 1935).

6. EVIDENCE—STATUTES—CONTRACTS.

Statute broadly prescribing rule of evidence as to records made in the usual course of business as exception to hearsay rule and amendatory of judicature act *held*, no part of contractual nature of workmen's compensation act (Comp. Laws 1929, § 8407 *et seq.*; § 14207, as amended by Act No. 15, Pub. Acts 1935).

7. SAME—CONSTITUTIONAL LAW—ENTRIES MADE IN REGULAR COURSE OF BUSINESS.

Statute authorizing admission in evidence of any writing or record, in the form of an entry in a book, made as a memorandum of an act, transaction, occurrence or event, if made in the regular course of business and it was the regular course of business to make such entry and that lack of such entry should be evidence that no such act did take place, *held*, not unconstitutional as a denial of due process if properly applied but it does not make proof that which is not proof nor change rules of competency or relevancy with respect to recorded facts but merely provides a method of proof of an admissible act, transaction, occurrence or event (3 Comp. Laws 1929, § 14207, as amended by Act No. 15, Pub. Acts 1935).

8. Same—Workmen's Compensation—Records—Proof of Fact of Accident.

   Ultimate fact shown by employer's records consisting of memorandum, made when he reported to employer's first aid hospital a few days after alleged accident, of his version of it and notations as to treatment given and subsequent question and answer statement, not signed by employee, made when he was interviewed by an employee of defendant's compensation department was not the fact of an accident but rather the employee's claim that an accident occurred, hence such records are inadmissible as evidence of fact that accident occurred as each of the persons making the memoranda could not have testified if called to the witness stand (Comp. Laws 1929, § 8456; § 14207, as amended by Act No. 15, Pub. Acts 1935).

9. Same—Statutes—Hearsay.

   Rule under workmen's compensation act that fact of accident may not be shown solely by hearsay evidence has not been abrogated by statute amendatory of the judicature act making admissible in evidence records made in the regular course of business where it was the regular course of business to make such records when persons making such records made them upon information derived from hearsay and employer has not adopted the information by filing report with department of labor and industry (Comp. Laws 1929, § 8407 *et seq.*; § 14207, as amended by Act No. 15, Pub. Acts 1935).

Appeal from Department of Labor and Industry. Submitted April 21, 1937. (Docket No. 3, Calendar No. 39,157.) Decided June 7, 1937.

Fern Kelly, widow of Harry Kelly presented her claim for compensation against Ford Motor Company for the death of husband caused by alleged accidental injuries suffered while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Samuel B. Ostrow* and *Carl K. Rix,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

BUSHNELL, J. Plaintiff's decedent, according to the findings of the department of labor and industry, suffered an accidental injury on April 17, 1935, which caused his death by a "generalized septicemia and pulmonary embolism" on July 30, 1935. Decedent was a switchman in defendant's employ; it is claimed that while he was making a coupling between two railroad freight cars, a piece of cold slag fell from one of the cars and struck his right great toe. A few days later, he reported to defendant's first aid hospital, where his toe was treated and a memorandum made of his version of the nature of the accident and injury, which also contained notations by the company's doctors as to treatment given. He was later interviewed by an employee of defendant's compensation department, and a question and answer statement was made; this was not signed by decedent.

There were no eyewitnesses to the accident. The only proofs offered were the testimony of the doctors who treated Kelly, and testimony of the employees who rendered first aid and interviewed the decedent. The latter were called for cross-examination by plaintiff. The statements and memoranda were received over defendant's objection. No report of the accident was made to the department of labor and industry by the employer.

The department affirmed an award of $18 a week for 300 weeks and ordered defendant to pay medical fees amounting to $388.04 and funeral expenses of $200.

Appellant says:

"The argument as to whether or not deceased sustained an accidental injury thus boils down to the question of 'whether memorandums made by defendant's employees of a conversation with a person, since deceased, which memorandums were made

without knowledge of the truth or falsity of that person's statements and where no opportunity to verify such statements has been had, are competent evidence of the facts related.' ''

Appellee agrees that appellant ''fairly well states the question involved'' and adds that, if the memoranda referred to are not admissible in evidence, plaintiff has failed to make out a case. Plaintiff argues that the statements and memoranda made by defendant are admissible under the authority of *Fitzgerald* v. *Lozier Motor Co.,* 187 Mich. 660, and Act No. 15, Pub. Acts 1935 (amending 3 Comp. Laws 1929, § 14207) construed in connection with 2 Comp. Laws 1929, § 8456.

Act No. 15, Pub. Acts 1935 reads in part:

''Sec. 53. Any writing or record whether in the form of an entry in a book or otherwise, made as a memorandum of any act, transaction, occurrence or event shall be admissible in evidence in all trials, hearings and proceedings in any cause or suit in any court, or before any officer, arbitrators, or referees, in proof of said act, transaction, occurrence or event if it was made in the regular course of any business and it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record including lack of personal knowledge by the entrant or maker, may be shown to affect its weight but not its admissibility. The term· 'business' shall include business, profession, occupation and calling of every kind. The lack of an entry regarding any act, transaction, occurrence or event in any writing or record so proved may be received as evidence that no such act, transaction, occurrence or event did, in fact, take place. Any photostatic or photographic reproduction of any such writing or record shall be admissible.

in evidence in any such trial, hearing or proceeding by order of the court, made within its discretion, upon motion with notice of not less than four days. All circumstances of the making of such photostatic or photographic reproduction may be shown upon such trial, hearing or proceeding to affect the weight but not the admissibility of such evidence.''

We held in *Gile* v. *Hudnutt*, 279 Mich. 358, that hospital records come within the purview of this act and that it was error on the part of the trial court to exclude them.

The principal authorities cited in the briefs are *Reck* v. *Whittlesberger*, 181 Mich. 463, Ann. Cas. 1916C, 771; *Fitzgerald* v. *Lozier Motor Co., supra;* and *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130. In the latter, we discussed the former cases and stated their limitations in the following language:

''It must be patent that the employer or the officer of a manufacturing company, who makes the report to the board,* rarely, if ever, witnesses the accident. He obtains his information from others. It comes to him second hand. If, after making his investigation, he concludes that the accident happened in a certain way and so reports, it may be regarded as an admission, and therefore, some evidence before the board * for its consideration. This was the situation in the *Reck Case* and this was the holding.

''In the *Fitzgerald Case,* the foreman, whose duty it was to report accidents to his superior, reported that deceased scratched his right hand on manifold on top of the thumb joint. He had received his information from the injured employee. But he was the authorized agent of the company to investigate and make such report; by adopting the claim of the

---

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.— REPORTER.

employee as his own report and version of the accident, the employee's claim became and was his report. Following the *Reck Case,* it was held receivable as an admission and together with other evidence was held to be sufficient to support the finding.

"These two cases hold that where the employer or his authorized agent, whose duty it is to make report of accidents, who have the opportunity to investigate, makes a report as to the accident, such report is receivable as an admission, and as an admission may be sufficient to establish a *prima facie* case. It is unimportant how the employer procures his information. It may all be hearsay. It may come through several hands, from different sources; but when he or his authorized agent reports that the accident happened in a certain way, the report stating that it happened that way is an admission and receivable as such. These cases go no further. They do not make the claim of the injured employee as to how the accident happened evidence of the facts. It is only by the adoption of that claim by the employer or his authorized agent that it becomes an admission and receivable as such. In the instant case we have no such report, nor was Dr. McDonnell the agent of defendant for the purpose of making such report. The board * was in error in holding that such hearsay evidence was receivable as competent evidence of the facts."

In the appeal before us, the defendant did not adopt the claim of the deceased and report to the department that the accident happened as stated, therefore, such hearsay evidence was not admissible under the *Ginsberg Case.*

Has the rule in *Ginsberg* v. *Burroughs Adding Machine Co., supra,* been affected by the passage of

---

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.— Reporter.

Act No. 15, Pub. Acts 1935 and our holding in *Gile* v. *Hudnutt, supra?* If so, are the memoranda in question admissible and are they sufficient to support the findings and award of the department of labor and industry? The opinion of the department, dated June 8, 1936, does not mention the act and appellant's brief does not discuss this question which is squarely raised by appellee's brief.

Section 8456 reads in part:

"Every employer shall hereafter keep a record of all injuries, fatal or otherwise, received by his employees in the course of their employment."

Act No. 15, Pub. Acts 1935 says:

"All other circumstances of the making of such writing or record including lack of personal knowledge by the entrant or maker, may be shown to affect its weight but not its admissibility."

The memoranda contains the following:

"*10.* Date of accident—4/17/35.

"*11.* Hour of accident—1:00 p. m.

"*12.* Nature and cause of injury—Contusion distal and right great toe slightly infected. Employee states that he was making a coupling between two cars; that a piece of cold slag fell off and struck his right great toe. * * *

"*39.* Other remarks—Employee states he paid no attention to it and did not report it but it got to paining him and he went to his own doctor and to comply with safety rules he then reported to main hospital."

Exhibit 6 contains the following:

"*Q.* What is your trouble?

"*A.* An infection in my big toe on my right foot.

"*Q.* When did you first notice the infection?

"*A.* About three days after I got hurt.

"*Q.* When did you get hurt?

"*A.* On the 17th of April, 1935.

"*Q.* How did you get hurt?

"*A.* I was making a coupling on track 251, two loaded slag cars. When I made the coupling, a piece of slag fell from one of the cars and fell on my foot. I couldn't get out of the way of it.

"*Q.* What caused the slag to fall off the car?

"*A.* Well, from making the coupling. It was cold slag which had run over the side of the car and the jerk when they coupled caused it to fall over and hit me on the toe."

Defendant's "record of surgical case," exhibit 7, contains the following:

"Diagnosis—Cont. dist. end. rt. gt. toe, slightly infected.

"History—Injured April 17th, claims piece of slag fell on toe. Was frozen 5 years ago."

We said in *Gile* v. *Hudnutt, supra:*

"No person has a vested right in a rule of evidence. *Maki* v. *Mohawk Mining Co.,* 176 Mich. 497. This rule does not, however, permit a change of such a nature as substantially to deprive a party of the right to present his side of a case and thus deny due process."

In that same case, we quoted the following from *Board of Commissioners of Excise of the City of Auburn* v. *Merchant,* 103 N. Y. 143 (8 N. E. 484, 57 Am. Rep. 705):

"A law which would practically shut out the evidence of a party, and thus deny him the opportunity for a trial, would substantially deprive him of due process of law."

And we further said:

"We withhold discussion of specific questions which may arise but are not presented to us in the instant case."

Defendant is compelled by law, section 8456, to keep a record of all injuries, but an employer should not be compelled to make a "hearsay" record and then be confronted with these unverified records as proofs of an accident. Act No. 15, is not a part of the contractual nature of the workmen's compensation law. Although it is expressed in broad language, it must be construed within constitutional limitations. If properly applied, its provisions do not violate the due process clause of the Constitution.

The act does not make that proof which is not proof; nor does it purport to change the rules of competency or relevancy with respect to recorded facts. It merely provides a method of proof of an admissible "act, transaction, occurrence or event."

In the instant case, the ultimate fact which the employer's records actually show is not the fact of an accident, but rather the employee's claim that an accident occurred. The records are admissible as proof of notice to the employer of a claim of accident, but they are not evidence of the fact that an accident occurred.

So far as is shown in the record before us, if each person concerned with the making of the entries, investigations and reports were called to the witness stand, the testimony of such parties could be nothing more than hearsay, so far as the actual facts of the claimed accident are concerned. The statute should not be construed in a manner that would make the reports and records admissible when the oral testimony of the same facts would be inadmissible.

It is essential to the proper administration of the workmen's compensation law that records of "all injuries" be kept by "every employer" operating under the compensation act, and we are unwilling to adopt a construction of Act No. 15, that would alter

the well understood purpose of section 8456. We adhere to the language of the *Ginsberg Case, supra,* which we have heretofore quoted. The statements and memoranda quoted in this record are not evidence of the fact of an accident. *Ayling* v. *City of Detroit,* 275 Mich. 338.

The rule in *Ginsberg* v. *Burroughs Adding Machine Co., supra,* has not been affected by the passage of Act No. 15, Pub. Acts 1935, and our holding in *Gile* v. *Hudnutt, supra.*

There being no proof of an accident, the award is vacated, with costs to appellant.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.