Weygandt, C. J.
 

 The Court of Appeals held that the trial court was in error in excluding two items of evidence proffered by the plaintiff.
 

 The first of these is a statement claimed to have been made by the plaintiff’s husband the night of the alleged first injury in October, 1938, when he was employed as an engineer in the compressor room at the defendant’s plant. It is claimed that he slipped and fell across a pipe; that he struck his right chest against the pipe; and that this “caused an injury to the decedent’s liver resulting in obstruction and necrosis of the liver, disturbance in its function, a toxemia, and an ensuing impairment and congestion of the heart, all directly resulting to cause the death of the decedent, which occurred on the 22nd. day of November, 1939.” It is claimed that an hour and a half or two hours after the fall the decedent told a night watchman about the occurrence. This watchman was called as a witness for the plaintiff and testified in part as follows:
 

 
 *423
 
 “Q. 23. Do you know of anything happening to George Schmitt on or about October 2, 1938? A. No, I didn’t see it.
 

 “Q. 24. What did George Schmitt tell you? (Objection; sustained; exception and offer to prove answer as given, as follows: A. About what?)
 

 “Q. 25. About something happening to him around October 2, 1938? (Objection; sustained; exception, and offer to prove answer given, as follows: A. Say he fell.)
 

 “Q. 26. Did you receive any complaints from Mr. Schmitt? (Objection; sustained; exception and offer to prove answer as follows: A. Yes.) * * *
 

 “Q. 27. And what complaints did you receive?'(Objection; sustained; exception and offer to prove answer given, as follows: A. He fell.) * # *
 

 “Q. 63. Now, Steve, referring back to this other occasion some time before that you were inquired about, a year or so earlier, Mr. Schmitt didn’t mention to you that he had fallen until about four or five days after he had claimed that he had fallen, did he? A. No; about two hours afterwards; an hour and a half after that.
 

 “Q. 64. Did you see anything wrong with him when you looked at him? A. No, I didn’t.”
 

 The plaintiff contends that it was error to exclude this testimony as to the statement of the decedent that he fell. It is insisted that the principle of
 
 res gestae
 
 should have been applied and the testimony admitted for the reason that the lapse of time was not sufficient to make the rule inapplicable. However, one difficulty with this is the fact that the' witness did not see the occurrence and knew nothing about the lapse of time except as told him by the decedent. It is of course true that on numerous occasions this court has expressed the liberal view that under the principle of
 
 res gestae
 
 the statement need not be contemporaneous
 
 *424
 
 with the incident, bnt in the instant case there is no evidence that the decedent’s expression meets the primary requirement of being spontaneous or impulsive, since the record is silent as to whether he had in the meantime mentioned the matter to others. To come within the rule such a statement must be shown to constitute more than a mere self-serving narrative of a past event. Here there is no such showing, and the trial court and the Industrial Commission wore not in error in excluding the testimony.
 

 The second item offered by the plaintiff and excluded by the trial court is a dispensary card reading as follows:
 

 “10-7-38. States that 10-2-38 12 a. m. slipped and fell across a pipe which was about 1 ft. off floor. R. chest hit pipe. Late nite noticed R. chest getting sore. Pain when taking deep breath. Pyrasin. See Dr. S. tomorrow. Reported accident to Steve (Loren-zen) * #
 

 As with the statement to the watchman, this card was excluded on the ground that it is a self-serving declaration and not admissible under any exception to the rule against hearsay. The plaintiff relies upon the following provisions of Section 12102-23, General Code:
 

 “A record of an act,• condition or event, shall, in so far as relevant, be competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. ’ ’•
 

 Likewise, reliance is placed upon the requirements
 
 *425
 
 of Section 1465-99, General Code, which reads in part as follows:
 

 ‘ ‘ Every employer of the state shall keep a record of all injuries, fatal or otherwise, received by his employees in the course of their employment.”
 

 It must be observed that under the first of these statutes such a record is not
 
 per se
 
 admissible. Several conditions are imposed. One is that the record must have been “made in the regular course of business, at or near the time of the act, condition or event.” Another is that “in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.” The nurse who wrote the notations on the card testified that she had no knowledge of the alleged accident until the decedent came to the dispensary five days later, at which time she made this record of his self-serving statements to her. Plainly this was mere hearsay and fell far short of meeting the statutory requirements. The trial court was not in error in excluding the card as evidence that the alleged accident had in fact occurred.
 

 In construing a similar statute the Supreme Court of Michigan in the case of
 
 Kelly
 
 v.
 
 Ford Motor Co.,
 
 280 Mich., 378, 273 N. W., 737, commented:
 

 ‘ ‘ So far as is shown in the record before us, if each person concerned with the making of the entries, investigations and reports were called to the witness stand, the testimony of such parties could be nothing more than hearsay, so far as the actual facts of the claimed accident are concerned. The statute should not be construed in a manner that would make the reports and records admissible when the oral testimony of the same facts would be inadmissible.”
 

 Counsel are agreed that if these items were properly excluded the trial court was justified in directing a verdict for the defendant. This court being of the opinion that the exclusion was correct, the judgment
 
 *426
 
 of the Court of Appeals must be reversed and that of the trial court affirmed.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.