CRISS v. TAYLOR PRODUCE CO.

1. WORKMEN'S COMPENSATION—DEATH WITHOUT DEPENDENTS—SECOND-INJURY FUND—ORDER TO SHOW CAUSE.

The compensation commission of the department of labor and industry is the administrative agency charged with the supervision and just enforcement of the rights and duties prescribed in the workmen's compensation act and, as such, has power to issue an order to show cause why an employer should not pay $1,000 into so-called second-injury fund where an employee has received fatal injuries but leaves no dependents within the meaning of the act (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

2. SAME—SECOND-INJURY FUND—ORDER TO SHOW CAUSE—INITIATIVE AT HEARING.

Upon an order to employer to show cause why he should not pay $1,000 to the so-called second-injury fund upon the death from injury of an employee who left no dependents, the initiative in procedure at the hearing on such order is upon the employer (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

3. SAME—PARTIAL DEPENDENCY DETERMINED AS OF DATE OF INJURY.

Status as a partial dependent of a deceased employee must be determined as of the date of the employee's injury (2 Comp. Laws 1929, § 8423, as amended by Act No. 245, Pub. Acts 1943).

4. SAME—PARTIAL DEPENDENCY—FINDING OF DEPARTMENT—EVIDENCE.

Finding of the compensation commission of the department of labor and industry that deceased employee's mother who sur-

(457)

vived him for less than eight weeks was not a partial dependent of her son, made after hearing on order to show cause why employer should not pay $1,000 into the so-called second-injury fund, *held*, not reversible where evidence presented an issue of fact on matter of partial dependency (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943; 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

5. SAME—FINDING OF DEPARTMENT—EVIDENCE.

On review of a finding and award of the compensation commission of the department of labor and industry, its finding, not that of a deputy commissioner, is the matter reviewed, and where reviewed finding is on an issue of fact and supported by evidence, such finding is binding on the Supreme Court (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

6. SAME—SECOND-INJURY FUND—PROCEDURE.

Order of compensation commission of the department of labor and industry requiring employer of fatally injured employee to pay $1,000 into so-called second-injury fund, made after hearing at which commission determined the employee had left no dependents, is affirmed notwithstanding the commission initiated the proceeding for such payment, it being suggested that the State treasurer, as custodian of the fund, be represented and notice given to him or the attorney general of such proceeding pursuant to appropriate legislation or regulation of the commission (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943; 2 Comp. Laws 1929, § 8442).

Appeal from Department of Labor and Industry. Submitted January 8, 1946. (Docket No. 11, Calendar No. 43,180.) Decided March 4, 1946.

William H. Criss died as a result of an injury sustained while in the employ of Taylor Produce Company, which was insured by Lumbermens Mutual Casualty Company. On order to show cause why payment should not be made to second-injury fund. Award for payment. Defendants appeal. Affirmed.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

*Troff & McKessy* (*Sessions & Warner,* of counsel), for defendants.

NORTH, J.  William H. Criss, an employee of the defendant, Taylor Produce Company of Battle Creek, Michigan, on February 15, 1944, sustained a fatal injury arising out of and in the course of his employment.  The employer reported the fatal injury to the department of labor and industry, paid the employee's statutory funeral bill and designated the employee's mother, Nellie Monroe, as a partial dependent.  The designation of Mrs. Monroe as a partial dependent was in a supplemental report filed by the employer with the department on May 1, 1944.  The employee was an unmarried man living in Battle Creek.  His mother lived at Colon and later at Schoolcraft, Michigan, with Eva Ware, to whom Mrs. Monroe paid $4 per week for her room and board.  Mrs. Monroe had no income except such money as her son gave to her and a check in the amount of $9.33 which she received from the Federal government every two weeks.  At the time of her son's death she had been ill for some time and was unable to work.  William visited his mother from time to time and at least upon some of such visits gave her money.  There is testimony that these contributions were used by her for clothing, medical care and other personal needs.  Mrs. Monroe died April 8, 1944, without receiving any compensation as a partial dependent of her son.  It does not appear from the record that an application for such compensation was made, although she did consult an attorney relative to her

being entitled to an award as a partial dependent.

Subsequent to Mrs. Monroe's death the department of labor and industry issued an order requiring the employer and the carrier of the risk to show cause why they should not pay $1,000 into the second-injury fund, so-called, under the provisions of section 8a, part 2 of the workmen's compensation act (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8424–1, Stat. Ann. 1945 Cum. Supp. § 17.158 (1)]). The pertinent portion of the statute reads:

"If death results from the injury and the employee shall leave no dependents within the meaning of this act, the employer shall pay or cause to be paid the sum of $1,000 * * * into the State treasury of this State to be held as a second-injury fund."

The employer and the insurer, in support of their contention of nonliability under the statute, sought to show that the mother of the deceased employee was a partial dependent. A hearing before the deputy commissioner resulted in an award requiring defendants to pay $1,000 into the second-injury fund. On review by defendants before the compensation commission the award was affirmed. The appeal to this Court is by defendants from the award of the commission.

One of the questions presented by appellants reads: "Is there any competent evidence to support the commission's finding that the deceased employee died leaving no dependents?" Appellants were before the commission in response to an order to show cause. In effect the matter was heard *ex parte*. We know of no reason, under the circumstances of this case, why the issuance of the order to show cause was not within the power and the proper performance of the duties of the compensa-

tion commission. Clearly the commission is the administrative agency charged with the supervision and just enforcement of the rights and duties prescribed in the workmen's compensation act.* The initiative in procedure at the hearing of the order to show cause was upon appellants. No testimony was taken except that of witnesses produced by appellants. It was upon consideration of such testimony that the commission found as a fact that the employee, William Criss, died as a result of his injury which arose out of and in the course of his' employment, "leaving no dependents within the meaning of the act." Our review discloses that the testimony upon which appellants rely in a very large measure was hearsay and unpersuasive because of its being irrelevant and indefinite.

At the conclusion of the testimony of two witnesses, upon being interrogated by the deputy commissioner, each admitted that the testimony given by the witness, so far as material, was all hearsay. Appellants offered testimony that on each of two occasions William Criss had sent $20 to his mother, but again in response to a question by the deputy it was disclosed these gifts or contributions were made by the son 7 years before his injury. A witness, Eva Ware, in whose home Mrs. Monroe lived during the latter years of her life, after giving some indefinite testimony as to contributions made to Mrs. Monroe by her son, was asked: "Can you give me any idea how many times during that two years (next preceding Mrs. Monroe's death) Mr. Criss gave her money?" The witness answered: "No, I couldn't."

---

* See 2 Comp. Laws 1929, §§ 8310, 8312, as amended by Act No. 241, Pub. Acts 1943. (Comp. Laws Supp. 1945, §§ 8310, 8312, Stat. Ann. 1945 Cum. Supp. §§ 17.1, 17.3), as to powers and duties of the compensation commission of the department of labor and industry.—REPORTER.

The record is devoid of any persuasive testimony showing that within a year or more next preceding his death Mrs. Monroe's son made any contribution toward her support and maintenance. See *Bjorkstrand* v. *Klagstad,* 262 Mich. 186. Such testimony was essential because her status as having been a partial dependent of her son must be determined as of the date of his injury. Workmen's compensation act, part 2, § 7 (2 Comp. Laws 1929, § 8423, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8423, Stat. Ann. 1945 Cum. Supp. § 17.157]). It is undisputed that the mother was living wholly apart from her son, and there is testimony the mother had other means, though very limited, of maintaining herself and that at times her daughter contributed to her support by way of furnishing groceries. On the record before the compensation commission an issue of fact was presented as to whether at the time William H. Criss was injured his mother was a partial dependent, and on that record now before us we would not be justified in reversing the holding of the commission that he died "leaving no dependents within the meaning of the act." We are bound by the commission's finding. 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1945 Cum. Supp. § 17.186). In reaching the above conclusion we are mindful, as pointed out by appellants, that the deputy commissioner found: "Mrs. Nellie Monroe was receiving financial aid from him (the deceased) at the time of his injury and death." However, our review is of the finding and award of the commission, not of the deputy.

Appellants complain that: "The department of labor and industry is not the proper party to institute proceedings for second-injury fund pay-

ments'' under the statutory provision first above cited. In this connection appellants say:

"As we view the case, the commission is the 'opposite party' herein, since no one else has appeared to assert any claim against these defendants for payment of $1,000 into the second-injury fund. Thus, we are faced with a situation where an administrative tribunal acts both in the capacity of prosecutor and judge. This is repugnant to our entire theory of jurisprudence.''

However, appellants make no claim that this record indicates ''actual prejudice on the part of the commission;'' but they do complain of the practice and assert: ''it would be of great benefit to the commission, and to the bar of Michigan if this Court would outline the proper practice.'' We are quite in accord with the thought that the practice in the instant case is not all that might be desired. It is reasonably clear that a more satisfactory record would have been made in the instant case if, instead of being *ex parte,* the State treasurer, who is the custodian of the second-injury fund, had been represented. Whether or not the practice should be that, when it appears from the return to an order to show cause the parties cited deny liability to pay the statutory amount into the second-injury fund, the commission should give notice of the proceedings to the State treasurer or to the attorney general's department, and thereupon an appearance be entered in behalf of the State treasurer, is a matter either for appropriate legislation or a matter to be regulated by the commission, which under the statute is vested with rule-making power. See 2 Comp. Laws 1929, § 8442 (Stat. Ann. § 17.176), which provides: ''The board (commission) may make rules not inconsistent with this act for carrying out the provisions of the act.''

The award of the compensation commission is affirmed.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Reid, and Starr, JJ., concurred.