### KILLION v. E & L TRANSPORT COMPANY.

1. WORKMAN'S COMPENSATION—SECOND-INJURY FUND—DEPENDENTS.
   The statement in an employer's report of a fatal injury that deceased employee had no dependents under the workmen's compensation act was of such a nature that it could be withdrawn and, having been withdrawn, had no evidentiary value in proceeding to obtain payment by employer of $1,000 into second-injury fund in case fatally-injured employee had no dependents (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

2. SAME—SECOND-INJURY FUND—DEPENDENCY—BURDEN OF PROOF.
   In a proceeding to obtain payment into the so-called second-injury fund, the burden is on the State treasurer to show nonexistence of dependents of fatally-injured employee, not merely that there had been a failure to file a claim for compensation within the time prescribed (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

3. SAME—DEPENDENCY—DEATH.
   Dependency under the workmen's compensation act is determinable as of the date of the injury to the employee and the right to death benefits is fixed as of such time irrespective of any subsequent change in conditions (2 Comp. Laws 1929, § 8423, as amended by Act No. 245, Pub. Acts 1943).

---

*REFERENCES FOR POINTS IN HEADNOTES*

[1-6] "Dependency" within Workmen's Compensation Acts. 13 A.L.R. 686; 30 A.L.R. 1253; 35 A.L.R. 1066; 39 A.L.R. 313; 53 A.L.R. 218; 62 A.L.R. 160; 86 A.L.R. 865; 100 A.L.R. 1090.
[3] 58 Am. Jur., Workmen's Compensation Acts, § 166.
[4] 58 Am. Jur., Workmen's Compensation Acts, § 162.

**4. SAME—DEPENDENCY.**

Dependents of an employee are still dependents even though barred from receiving workmen's compensation (2 Comp. Laws 1929, § 8423, as amended by Act No. 245, Pub. Acts 1943).

**5. SAME—SECOND-INJURY FUND—DEPENDENCY.**

Fact that dependents of a deceased employee are barred from receiving compensation does not entitle State treasury to payment into second-injury fund (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

**6. SAME—SECOND-INJURY FUND—DEPENDENCY—PUBLIC QUESTION —COSTS.**

No costs are allowed in proceeding to obtain payment by employer into so-called second-injury fund where fatally-injured employee left dependents who failed to make application for payment of compensation, a question of public importance being involved (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943; 2 Comp. Laws 1929, § 8423, as amended by Act No. 245, Pub. Acts 1943).

NORTH, DETHMERS, and CARR, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted January 16, 1948. (Docket No. 37, Calendar No. 43,813.) Decided April 6, 1948.

Order to show cause why E & L Transport Company should not pay $1,000 into second-injury fund in the State treasury. Award requiring payment. Defendant appeals. Reversed.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for State Treasurer.

*Lacey, Scroggie, Lacey & Buchanan,* for defendant.

REID, J.   This is a proceeding to enforce contribution by the defendant to the second-injury fund, so-

called, under the provisions of part 2, § 8a, of the workmen's compensation act (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8424-1, Stat. Ann. 1947 Cum. Supp. § 17.158 (1)]). Defendant appeals from an award of the compensation commission requiring that $1,000 be paid by the defendant into the State treasury for benefit of second-injury fund by reason of the injury and death of Walter Scott Killion.

The pertinent portion of the statute, *supra,* reads as follows:

"If death results from the injury and the employee shall leave no dependents within the meaning of this act, the employer shall pay or cause to be paid the sum of $1,000 * * * into the State treasury of this State to be held as a second injury fund."

Killion was employed by the defendant as a truck driver and on October 20, 1945, while in the course of his employment, was involved in an auto accident in which he was fatally injured. He died the same day. At the time of the accident and of his death the deceased, who was unmarried, was living at home with his father, mother and sister.

The compensation commission of the State department of labor and industry received employer's basic report of industrial injury of Killion, dated October 23, 1945, and a supplemental report of fatal injury dated November 30, 1945, which latter report indicated no dependents. The commission on June 18, 1946, issued an order to the defendant to show cause on September 12, 1946, why an order should not be entered directing the defendant to pay $1,000 into the State treasury for benefit of the second-injury fund by reason of the injury and death of plaintiff. On August 31, 1946, defendant filed an answer

to the order to show cause, in which answer defendant asserted that there were dependents of deceased, that the dependents had made no claim for compensation within the time prescribed by law, that the dependents had elected to sue a negligent third party, and that defendant was not liable to pay $1,000 to the second-injury fund.

The answer of defendant to the order to show cause set forth the claim of defendant that there were dependents of deceased and thus withdrew the concession in the supplemental report that there were no dependents. That there were or were not dependents is a subject upon which the officers or agents of defendant could not very well be considered to have direct or personal knowledge. The statement that there were no dependents was of such a nature that it could be withdrawn and having been withdrawn, it had no evidentiary value. Under such circumstances, defendant had a right to rely on our former ruling in *Riley* v. *Kohlenberg,* 316 Mich. 144, hereinafter cited, that the burden was on the State treasurer or his representative to show nonexistence of dependents. Defendant should not be required to make contribution on the ground of admitting a proposition which defendant's answer subsequently denies.

The commission did not decide that there were no dependents on the ground that defendant admitted that to be the fact, but rather stated in its order affirming award, as a basis therefor, "there being no claim made for compensation by any dependents of the deceased." No claim was made before the commission that the statement in the report was to be considered as evidence notwithstanding the withdrawal of that statement by the answer; nor was such proposition relied on in the plaintiff's brief in this Court.

On the hearing before a deputy commissioner, testimony was given by a Mr. Schmitt, who was employed by Corporate Service, Incorporated, which he testified is a service organization servicing claims for workmen's compensation. Mr. Schmitt further testified that he was an adjuster licensed under the laws of the State of Michigan to adjust compensation claims and that he (evidently acting on behalf of the defendant) made an investigation of the death of Killion and as to dependency. He testified that he had a conversation with the father and mother of the deceased, and that they claimed they were partially dependent upon him at the time of his death. Mr. Schmitt further testified that the father was not working at the time, and that the parents discussed with him (Mr. Schmitt) their intention to sue the third party considered by them liable on account of the accident that caused the death of deceased. The investigator subsequently learned that Weipert & Weipert, attorneys, had been retained by the father and mother for the purpose of such suit.

The provision of the statute concerning limitations of time for presentation of claim for compensation (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1947 Cum. Supp. § 17.165]) contains the following:

"No proceedings for compensation for an injury under this act shall be maintained * * * unless the claim for compensation with respect to such injury * * * shall have been made * * * in case of the death of the employee, within six months after said death."

At the time of the issuance by the compensation commission of the order to show cause, deceased had been dead more than six months. No claim for com-

pensation had been filed by any dependents within the six months' period. The compensation commission deemed it was charged with the duty after receiving the employer's reports of injury and death and no claim for dependency having been filed during the six months following death of Killion, to institute proceedings against the defendant. Such proceeding was carried on without application on behalf of any petitioner. Notwithstanding that the proper procedure in such matters is indicated in *Criss* v. *Taylor Produce Co.,* 313 Mich. 457, the deputy commissioner in the case at bar conducted the proceeding in the dual capacity of examiner of witnesses and quasi-judicial capacity of adjudicating liability.

The deputy commissioner made a finding dated September 18, 1946, the important part of which, for the purpose of determining this case, is as follows:

"There being no claim made for compensation by any dependents of the deceased, if any there be; the defendant E & L Transport Co., should be and is hereby ordered to pay into the State treasury as a second injury fund by reason of the death of the employee Walter Scott Killion, caused by the personal injury, the sum of $1,000."

The defendant appealed to the department for review of the findings of the deputy and also petitioned for leave to take additional testimony to show that suit against the negligent third party had actually been instituted by the parents. The petition to take additional testimony was denied by the compensation commission on April 11, 1947, on the ground that "such additional testimony is not pertinent in the premises." It is unnecessary for us to determine the propriety of such ruling in view

of the disposition which we hereinafter make of this case.

The commission in its order dated May 2, 1947, after reciting the injury and death resulting therefrom, further stated, "There being no claim made for compensation by any dependents of the deceased, the defendant is hereby ordered to pay into the State treasury as a second injury fund the sum of $1,000" and the commission affirmed the award by the deputy.

No showing was made that there were no dependents. It was incumbent upon the State treasurer or his representative to prove that there were no dependents. See *Riley* v. *Kohlenberg,* 316 Mich. 144.

In the case of *In re Stewart, State, ex rel. Gallet, State Auditor,* v. *Bunker Hill & Sullivan Mining & Concentrating Co.,* 49 Idaho, 557 (290 Pac. 209), the Idaho supreme court construed an Idaho statute which provided among other things:

"In case there are no dependents of deceased employee, the employer shall pay into the State treasury to be deposited in the industrial administration fund the sum of $1,000."

The following is quoted from the syllabus (290 Pac.) in that case:

"Burden is on State claiming $1,000 for employee's death to prove there were no dependents (C. S. [1919], § 6223, subd. 6, as amended by Laws 1921, c. 217, § 1). * * *

"Failure to file claim for employee's death raised no presumption of nonexistence of dependents, so as to give State right to $1,000 for industrial fund (C. S. [1919], § 6223, subd. 6, as amended by Laws 1921, c. 217, § 1, and § 6247)."

After the above decision, the legislature of Idaho amended its compensation act so that it was thereafter no longer necessary to prove that the deceased

employee left no dependents if no claim for compensation was made within a year after the employee's death.   The Idaho statute in its earlier form was analogous to the present Michigan statute, and the Idaho decision (49 Idaho, 557) is authority for holding erroneous the award appealed from in the case at bar.

A later Idaho decision, *State, ex rel. Wright, State Auditor,* v. *Smith,* 60 Idaho, 316 (91 Pac. [2d] 389, 393), is based on the amended Idaho statute.   The Michigan statute has never contained a provision similar to the amendment to the Idaho statute.

The New York statute construed in *Phoenix Indemnity Co.* v. *Staten Island Rapid Transit Ry. Co.,* 251 N. Y. 127 (167 N. E. 194), provides among other things (section 15, subd. 8, of New York workmen's compensation law):

"The insurance carrier shall pay to the State treasurer for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars."

Subdivision 9 of the same section cited provides for a payment of $500 additional for rehabilitation, et cetera, under the same terms.

In the *Phoenix Case* the court of appeals held that the fact that deceased left surviving him a dependent widow who would have been entitled to compensation if she had so elected, did not defeat the awards under subdivisions 8 and 9 of section 15. The administratrix of Perroth, the deceased employee in that case, sued the negligent third party and after she had thus lost her right to compensation, it could then be said that there was "no person entitled to compensation."

In contrast to the quoted language of the New York statute is the language of the Michigan statute, "If * * * the employee shall leave no de-

pendents." There is nothing in the Michigan stat-
ute to indicate that failure of dependents to file
a claim is evidence of the nonexistence of depend-
ents. If there were in fact dependents they would
still be such even though their claim for compensa-
tion had been barred by reason of failure to file a
claim for compensation within six months.

The language of the New York statute differs
from the Michigan statute in several important par-
ticulars. "Persons entitled to compensation," as
used in the New York statute, is a phrase not exact-
ly equivalent to the word "dependents," used in the
Michigan statute, inasmuch as under the Michigan
statute there may be and often are dependents not
entitled to compensation, for example, because of
failing to file claim seasonably or because of pursu-
ing an inconsistent remedy. The New York deci-
sion construes the words of the New York statute
as of a date subsequent to the injury. In New York
as well as in Michigan, pursuit of an inconsistent
remedy or lapse of time without filing claim may
bar a claim for compensation for dependency, but
the words in the New York statute can be applied
to a situation at a date later than the injury and
thus make valid the New York State treasurer's
claim for the payments. The Michigan statute (2
Comp. Laws 1929, § 8423, as amended by Act No.
245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8423,
Stat. Ann. 1947 Cum. Supp. § 17.157]) requires de-
termination of dependency as of the date of the
injury, and reads in part as follows:

"Questions as to who constitute dependents and
the extent of their dependency shall be determined
as of the date of the injury to the employee, and their
right to any death benefit shall become fixed as of
such time, irrespective of any subsequent change in
conditions."

Under the Michigan statute even after the lapse of time or pursuit of an inconsistent remedy has barred the dependents (if any) from receiving compensation, the dependents are still dependents though they are barred from receiving compensation, and there is nothing in the Michigan statute that provides that if the dependents are barred from receiving compensation, the State treasury is then entitled to the second-injury fund payment.

The Federal statute as to second-injury fund, longshoremen's and harbor workers' compensation act, § 944 (c) (1), 33 USCA, § 944 (c) (1), contains the words,

"Where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death."

Nothwithstanding the close similarity in the wording of the New York statute and the Federal statute, the circuit court of appeals in *Branham v. Terminal Shipping Co.* (C. C. A.), 136 Fed. (2d) 655, determined, page 659:

"It is not to be presumed that congress intended in enacting the longshoremen's act that the question of whether there was any person entitled to compensation should be determined by any act of a dependent, such as the election of the mother in this case, or in any way other than by considering the facts that existed at the time of the injury to the employee."

The earlier Idaho case (49 Idaho, 557) and the Federal decision (the *Branham Case, supra*) clearly support defendant's contentions in the case at bar. The New York decision (251 N. Y. 127) is apparently at variance with the Federal decision.

The Michigan statute makes the existence of dependents at the time of injury a bar to the award requiring the payment of $1,000, with no suggestion

that any action or inaction by dependents after the time of injury would operate to change the situation so as to create liability to make second-injury payments.

In the case at bar, want of filing of claim for compensation did not show the nonexistence of dependents, which showing is required by the statute (Comp. Laws Supp. 1945, § 8424–1, Stat. Ann. 1947 Cum. Supp. § 17.158 [1]). For want of showing that there were no dependents of deceased at the time of his injury, the award requiring defendant to pay $1,000 into the State treasury for the second-injury fund is reversed. No costs, a question of public importance being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, and BUTZEL, JJ., concurred with REID, J.

NORTH, J. (*dissenting*). Mr. Justice REID has written for reversal; but as I view the record, the award of the commission should be affirmed.

Decision herein turns solely on the issue as to whether the deceased employee left dependents or whether he left no dependents. The opinion of the compensation commissioners contains the followings: "Upon our review of this record it is our opinion, and we find as a fact that, there are no dependents within the meaning of the workmen's compensation act." If the record before the compensation commissioners contains evidentiary matter in support of the above holding, it should be affirmed.

In this record there is no competent testimony given by any witness which tends to establish either that the deceased employee left surviving dependents or that he did not leave such dependents. Admittedly the record contains some hearsay testimony, but hearsay testimony in proceedings of

this character is not competent testimony. *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130; *Swedberg* v. *Standard Oil Co.,* 271 Mich. 184. However, the record does contain two reports by the employer to the department of labor and industry. The basic report contains no statement as to whether the employee left surviving dependents; but in the "supplemental report of fatal injury," the following appears:

"8. Names, ages, relationship to deceased, extent of dependency, and address of all dependents of deceased employee: —None."

On numerous occasions we have held that the employer's report to the department establishes "a prima facie case" as to the material facts stated therein. *Reck* v. *Whittlesberger,* 181 Mich. 463 (Ann. Cas. 1916C, 771, 5 N. C. C. A. 917); *Fitzgerald* v. *Lozier Motor Co.,* 187 Mich. 660; *McCartney* v. *Wood-Temple Co.,* 217 Mich. 505; *Hector* v. *Cadillac Plumbing & Heating Co.,* 226 Mich. 496; *Derleth* v. *Roach & Seeber Co.,* 227 Mich. 258 (36 A. L. R. 472); *Kelly* v. *Ford Motor Co.,* 280 Mich. 378. Since the prima facie case thus made in support of the award was not met by any evidence to the contrary, it follows that the above quoted finding of fact by the commission is sustained by the record.

The further question is presented on this appeal as to whether the commission ruled improperly in denying defendant's application to take additional testimony. The application for taking such additional testimony was confined solely to taking testimony as to whether someone claiming the right so to do had instituted a suit at law against a third-party tort-feasor whose negligence was claimed to have caused the death of the employee. The commission properly declined to permit the taking of such testimony because, under the wording of our

statute, bringing a suit against the alleged tortfeasor had no bearing whatever upon the controlling issue—*i. e.,* was the deceased employee survived by dependents? See *Fallon's Case,* 322 Mass. 61, (76 N. E. [2d] 144).

The custodian of the so-called second-injury fund has no control whatever in determining whether a suit at law shall be brought against an alleged tort-feasor whose negligence may be claimed to have been the sole proximate cause of the death of the employee. Without material qualification or limitation the legislature in 1943 added section 8a to part 2 of the workmen's compensation law, which section in part reads:

"If death results from the injury and the employee shall leave no dependents within the meaning of this act, the employer shall pay or cause to be paid the sum of $1,000.00 * * * into the State treasury of this State to be held as a second injury fund and applied solely to the payment of compensation as hereinafter prescribed in this section." Act No. 10, pt. 2, § 8a, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8424–1, Stat. Ann. 1947 Cum. Supp. § 17.158 [1]).

The award requiring payment of $1,000 by defendant into the State treasury for the second-injury fund should be affirmed. A public question being involved, no costs are awarded.

Dethmers and Carr, JJ., concurred with North, J.