MAILLAT *v.* VILLAGE OF MARCELLUS.

1. WORKMEN'S COMPENSATION — CONTRIBUTION TO SECOND-INJURY FUND—STATUTE OF LIMITATIONS.

   Claim for contribution to second-injury fund by State, as trustee thereof, filed more than 6 months after an employee died from compensable injury was not barred by 6-months limitation imposed by workmen's compensation act upon claims for compensation because (1) such statute did not expressly provide for application against State, per DETHMERS, BUTZEL, and CARR, JJ., also because (2) such contribution was not "compensation" for an injury, to which the 6-months limitation was expressly made applicable, per BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ. (CL 1948, §§ 412.8a, 412.15).

2. SAME—SECOND ORDER TO SHOW CAUSE—CONTRIBUTION TO SECOND-INJURY FUND—ADDITIONAL TESTIMONY—REHEARING.

   Second order to show cause why defendant employer should not contribute to the second-injury fund was properly treated as an order to take additional testimony by deputy commissioner, pursuant to a rule of the workmen's compensation commission, rather than a rehearing, which is not authorized (CL 1948, § 412.8a; Workmen's Compensation Commission Rule No 9).

---

REFERENCES FOR POINTS IN HEADNOTES

[3, 4] As to admissibility of employer's report, see 58 Am Jur, Workmen's Compensation, §§ 447, 460.

3. SAME—REPORT OF INJURY.

> An employer's report to the workmen's compensation commission of an injury to an employee establishes a "prima facie case" as to the material facts stated therein.

4. SAME—SECOND-INJURY FUND—DEPENDENTS—REPORT—EVIDENCE.

> State's claim for contribution to second-injury fund by reason of death of defendant's employee from injuries arising out of and in course of employment without having left dependents was supported by employer's report and evidence adduced at hearing on second order to show cause why contribution should not be made (CL 1948, § 412.8a).

REID, C. J., and BUSHNELL and SHARPE, JJ., dissenting.

Appeal from Workmen's Compensation Commission. Submitted June 7, 1950. (Docket No. 23, Calendar No. 44,671.) Decided January 8, 1951.

Order to show cause why defendants, Village of Marcellus and Michigan Mutual Liability Company, should not contribute to second-injury fund. Award requiring contribution. Defendants appeal. Affirmed.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for State Treasurer.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

BUSHNELL, J. (*dissenting*).    Henry E. Maillat, a 75-year-old widower, worked as a night watchman for defendant village of Marcellus. About 10 p. m. on December 13, 1947, he was found unconscious in front of the Marcellus Lumber Company. There was ice on the cement walk where he was lying. He was taken to the hospital and died within a few hours. An autopsy disclosed a fracture at the base of the skull and a massive cerebral hemorrhage.

Defendant village filed a report with the compensation commission on December 17, 1947, stating:

"How did it occur? No witnesses, it is presumed he fell backwards off the steps of the office entrance of the Marcellus Lumber Co., striking his head on cement walk."

A supplemental report, dated February 11, 1948, stated there were no dependents.

An order to show cause why defendants should not pay $1,000 into the second-injury fund (CL 1948, § 412.8a [Stat Ann 1949 Cum Supp § 17.158 (1)]) was issued by the commission on September 8, 1948. The hearing occurred before a deputy commissioner on November 17, 1948. Only the defendants appeared. They claimed that the 6-months requirement in filing the claim had not been observed and that the burden was on the State to prove there were no dependents, and the occurrence of a compensable accident. The deputy commissioner put the 2 reports in evidence and, relying on these as making a prima facie case, ordered defendants to pay. Defendants appealed to the full commission from this award.

While the appeal was pending, a second order to show cause was issued by the commission on March 30, 1949. Defendants claimed the matter was *res judicata,* but the deputy commissioner treated it as directing additional testimony, rather than a rehearing. He then took the testimony of Dr. U. M. Adams, the family physician of deceased who attended him the night of his death. Dr. Adams testified that he had found Maillat unconscious with a fractured skull and cerebral hemorrhage, and that he had no medical history to indicate a heart attack or fainting spell. After this hearing the deputy commissioner did not enter an additional award.

On September 9, 1949, on the basis of the original hearing and the additional testimony, the commission affirmed the award of the deputy.

Defendants obtained leave to appeal claiming that the first order to show cause was issued too late and that plaintiff had not sustained the burden of proof.

A claim•for compensation against an employer must be filed within 6 months after the employee's death. CL 1948, § 412.15 (Stat Ann 1949 Cum Supp § 17.165). The requirement of a timely claim is jurisdictional and a condition precedent to the maintenance of an action. *LaRosa* v. *Ford Motor Co.,* 270 Mich 365, and *La Duke* v. *Consumers Power Co.,* 299 Mich 625.

It is argued, however, that the limitation does not operate against the State.

The general statutes of limitation recognize the propriety of placing time limitations on the State both as to real and personal actions. CL 1948, § 609.11 (Stat Ann § 27.603) and CL 1948, § 609.28 (Stat Ann § 27.620). See *Unemployment Compensation Commission* v. *Vivian,* 318 Mich 598.

The State is not the beneficiary but only the custodian of the second-injury fund. It acts in a collection capacity for those entitled under the statute to payments from this fund. The initial action against an employer originates with an order to show cause by the workmen's compensation commission (*Criss* v. *Taylor Produce Co.,* 313 Mich 457) and the payments from the fund are also by its order. The protection given an employer under time limitations is equally applicable where the money paid will go to the fund first and then to the individual, as to the individual directly. Here, no claim was instituted within the 6-month period and recovery cannot be sustained. In view of the fore-

going it is unnecessary to discuss other questions raised.

The award should be vacated, but without costs.

REID, C. J., and SHARPE, J., concurred with BUSHNELL, J.

DETHMERS, J. (*for affirmance*). I do not concur with Mr. Justice BUSHNELL in reversal. Statutes of limitations are applicable to actions by the State when those statutes expressly so provide, as in CL 1948, § 609.11 (Stat Ann § 27.603) and CL 1948, § 609.28 (Stat Ann § 27.620); but the express provision therefor in those 2 sections evidences a legislative recognition of the rule that statutes of limitations do not apply to the State in the absence of an express provision therein to that effect. That this is the rule was held in *Crane* v. *Reeder*, 21 Mich 24 (4 Am Rep 430); and it was so held, even though the action was brought by the State as the trustee of an express trust, in *State* v. *Venice of America Land Co.*, 160 Mich 680. See, also, 53 CJS, Limitation of Actions, § 15, and 1 Wood on Limitations (4th ed) 157, § 52. The limitation on making claims to the period within 6 months after the employee's death (CL 1948, § 412.15 [Stat Ann 1949 Cum Supp § 17.165]) is not by express language of the statute made applicable to the State either in proceedings to enforce payment to the second-injury fund or otherwise.

Defendants treat the second order to show cause, mentioned in Justice BUSHNELL's opinion, as an order for rehearing and cite such cases as *Fitzpatrick* v. *Olds Division of General Motors Corp.*, 282 Mich 646, as authority for the proposition that the commission may not order rehearings. It seems to me that under the circumstances the deputy commissioner properly treated the order as one for taking

additional testimony, permissible under Rule No 9 of the rules of practice of the workmen's compensation commission.

Defendants say that plaintiff failed to sustain the burden of showing the nonexistence of dependents of deceased, a prerequisite to the obligation to make payment to the second-injury fund. The defendant village filed with the commission a "Supplemental Report of Fatal Injury," which contained the following: "Names, ages, relationship to deceased, extent of dependency, and address of all dependents of deceased employee: None." On numerous occasions we have held that the employer's report to the department establishes "a prima facie case" as to the material facts stated therein. *Reck* v. *Whittlesberger,* 181 Mich 463 (Ann Cas 1916C 771, 5 NCCA 917); *Fitzgerald* v. *Lozier Motor Co.,* 187 Mich 660; *McCartney* v. *Wood-Temple Co.,* 217 Mich 505; *Hector* v. *Cadillac Plumbing & Heating Co.,* 226 Mich 496; *Derleth* v. *Roach & Seeber Co.,* 227 Mich 258 (36 ALR 472); *Kelly* v. *Ford Motor Co.,* 280 Mich 378. Since the prima facie case thus made in support of the award was not met by any evidence to the contrary, it follows that the commission's finding of fact that deceased left no dependents is sustained by the record. The seemingly contrary holding of a majority of this Court in *Killion* v. *E & L Transport Co.,* 321 Mich 80, was predicated upon the fact that the statement of no dependents in the employer's report in that case had, in effect, been withdrawn, prior to the hearing before the deputy commissioner, by the employer's answer alleging that the deceased did leave dependents. The *Killion Case* is in that respect distinguishable from the instant case and is for that reason not in point here.

Finally, defendants urge that plaintiff did not sustain the burden of showing that the deceased suffered a personal injury resulting in death which

arose out of and in the course of his employment. This contention is based on defendants' assumption that the testimony taken before the deputy commissioner after the second show cause order may not be considered, thus leaving nothing to support the commission's finding in this respect other than the statement in the employer's report to the commission that "It is presumed he fell backwards," et cetera, all as set forth in Justice Bushnell's opinion. In view of the fact that it was proper for the commission to remand the matter to the deputy commissioner for taking of further testimony in accord with said Rule No 9, the testimony taken on that occasion is properly a part of the record. Competent evidence adduced at that time supports the commission's finding of fact that deceased sustained a personal injury resulting in death and arising out of and in the course of his employment.

The award is affirmed, with costs to plaintiff.

Butzel, and Carr, JJ., concurred with Dethmers, J.

North, J. (*concurring in affirmance*). While I am in accord with the result reached by Mr. Justice Dethmers, I am of the opinion that our decision might also be bottomed on a ground which seems to me clearly tenable and which is herein noted.

The 6-months limitation (CL 1948, § 412.15 [Stat Ann 1949 Cum Supp § 17.165]) which Mr. Justice Bushnell cites and on which he relies, has been in the statute for many years. Its material provisions were in the workmen's compensation law as originally enacted in 1912. See PA 1912 (1st Ex Sess), No 10, pt 2, § 15 (CL 1915, § 5445). This statute provides only for a limitation of time within which "proceedings for *compensation* for an injury under this act shall be maintained." At the time it was en-

acted compensation was payable only to an employee who had suffered a compensable injury, or to his dependents in event of his resulting death. It was only to them when *compensation* was sought that the limitation applied as embodied in the statute by the legislature. More than 30 years later the legislature by PA 1943, No 245, enacted an additional section (CL 1948, § 412.8a [Stat Ann 1949 Cum Supp § 17.158 (1)]), which provides:

"If death results from the injury and the employee shall leave no dependents within the meaning of this act, the employer shall pay or cause to be paid the sum of $1,000, less any amount paid to the employee as compensation during his lifetime for the injury which resulted in death. Such sum shall be paid into the State treasury of this State to be held as a second-injury fund and applied solely to the payment of compensation as hereinafter prescribed in this section. If an employee has at the time of injury permanent disability in the form of the loss of a hand or arm or foot or leg or eye and at the time of such injury incurs further permanent disability in the form of the loss of a hand or arm or foot or leg or eye, he shall be deemed to be totally and permanently disabled and shall be paid, from the funds provided in this section, compensation for total and permanent disability after subtracting the amount of compensation received by the employee for both such losses. The payment of compensation under this section shall begin at the conclusion of the payments made for the second permanent disability. Such payments shall be made upon the order of the compensation commission."

Payments, under the above section, to the State "to be held as a second-injury fund" are not payments of *"compensation."* Instead they are payments into a fund held by the State. Such payments are not measured in amount by the character or extent of the employee's injury or by the amount of his earn-

ings, which are essential to awarding compensation. Instead payments into the State fund are fixed in an arbitrary amount by the legislature, and such payments are not obtained by "proceedings for compensation for an injury" which is the statutory proceedings provided in section 15, part 2, of the workmen's compensation law (CL 1948, § 412.15) to which the 6-months limitation in that section applies. The section above quoted, which was added to the statute in 1943, providing for a second-injury fund to be held by the State contains no reference to the 6-months limitation. It does not provide the time within which the State shall apply for such payments or a time within which employers must make the payments. We find no justification for implying or reading into that section the 6-months limitation. We therefore conclude that the limitation in section 15, part 2, of the workmen's compensation law (CL 1948, § 412.15) is not applicable to the statutory provision (CL 1948, § 412.8a) for payments into "a second-injury fund" to be held by the State.

I am in accord with Justice DETHMERS' conclusion that it was proper to take additional testimony befor the deputy commissioner, and that there was competent evidence in support of the commission's finding that the employee's death resulted from a compensable injury and that he left no dependents. The award is affirmed, with costs to appellee.

BOYLES, DETHMERS, BUTZEL, and CARR, JJ., concurred with NORTH, J.