■ In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE et al., Respondents, against BUFFALO STANDARD FOUNDRY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—An employer and carrier appeal from an award of the Workmen's Compensation Board which directed the carrier to pay $500 into the Vocational Rehabilitation Fund and $1,500 into the Fund for Reopened Cases pursuant to subdivision 9 of section 15 and subdivision 3 of section 25-a respectively. Decedent became totally disabled from silicosis in March, 1949 and died from it in August, 1954. He left no dependents. Under the statute relating to silicosis cases as it existed at the time of decedent's death the employer or its carrier was required in the first instance to pay all awards of compensation, death benefits and funeral expenses.

but entitled to reimbursement from the Special Disability Fund for all compensation payments made subsequent to the first 260 weeks of disability and death benefits combined (Workmen's Compensation Law, § 15, subd. 8, par. [ee]). Accordingly the carrier paid decedent compensation during his lifetime, after the first 260 weeks of which it was reimbursed by the Special Disability Fund. After decedent died the Workmen's Compensation Board made an award directing the payment of $500 to the Vocational Rehabilitation Fund, and $1,500 into the Fund for Reopened Cases as aforesaid, and charged the same against the employer and carrier. This additional award was made because decedent died without leaving any dependents. Appellants contest these charges on the ground that they were relieved from liability therefor because they had paid decedent 260 weeks of compensation, which included both disability and death benefits. It should be noted that the award directed in addition to the foregoing the payment of $400 for funeral expenses. We are persuaded that payments to the special funds mentioned are in a wholly separate category from ordinary awards and are not to be considered as payments of compensation or death benefits in the ordinarily accepted meaning of these terms. (*Commissioners of Taxation* v. *Riger Bldg. Corp.*, 285 N. Y. 217; *Matter of Industrial Commissioner* v. *McCarthy*, 295 N. Y. 443.) The evident intent of the Legislature was to preserve the stability of the special funds, and the method of supporting and replenishing the same was fixed arbitrarily to require payments in every death case where there were no dependents regardless of the type of injuries or diseases involved. Award and decision affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.