INDUSTRIAL ACCIDENT BOARD of the State of Texas, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 10775.

Court of Civil Appeals of Texas.

Austin.

June 1, 1960.

Rehearing Denied June 15, 1960.

Will Wilson, Atty. Gen., W. O. Shultz, II, Tom I. McFarling, Asst. Attys. Gen., for appellant.

Hardeman, Smith & Foy, Earl W. Smith, San Angelo, for appellee.

ARCHER, Chief Justice.

Plaintiff appealed from an award from the Industrial Accident Board which ordered that the plaintiff pay into the Second Injury Fund the sum provided by statute. Such order was based on the finding that there was "no person entitled to compensation surviving" the deceased employee. The case was tried before the trial court on agreed facts without the intervention of a jury and the trial court set aside the award of the Industrial Accident Board and decreed that the Second Injury Fund take nothing.

The appeal is founded on three points and are:

"1. The trial court erred in holding that the second injury fund had the burden of proving that no person entitled to compensation under the Workmen's Compensation Insurance Act survived the deceased employee.

"2. The trial court erred in holding that the deceased employee was in fact survived by some person entitled to compensation under the Workmen's Compensation Insurance Act.

"3. The trial court erred in setting aside the award of the Industrial Accident Board and decreeing that the second injury fund take nothing."

On June 2, 1957, an employee of San Angelo By-Products, Inc., died after being injured on the 31st day of May, 1957, in a butane gas explosion. The deceased employee was known to his employer as Pedro Robles. He was carried on the employment records of San Angelo By-Products, Inc., as Pedro Robles. He had presented a Social Security card to his employer which bore the number 459–52–1954 and

showed that it had been issued to Pedro Robles. It is conceded that there is a Pedro Robles alive today who was issued Social Security card No. 459–52–1954 and that he is not the person who was fatally injured in the explosion in question.

The remains of the deceased employee were badly burned by the explosion and all efforts to ascertain his true identity proved futile and no positive identification has ever been made.

The parties have stipulated that on the 31st day of May, 1957, there was in full force and effect a Workmen's Compensation Insurance Policy issued by the plaintiff, covering the employees of San Angelo By-Products, Inc., including the deceased employee who, while acting in the scope and course of his employment on the 31st day of May, 1957, received accidental injuries which resulted in his death on the 2nd day of June, 1957.

Section 12c–2 of Article 8306, Vernon's Civil Statutes, created the Second Injury Fund and Subsection (a) thereof provides:

"In every case of the death of an employee under this Act where there is no person entitled to compensation surviving said employee, the association shall pay to the Industrial Accident Board the sum of One Thousand, Five Hundred Dollars ($1,500) to be deposited with the Treasurer of the State for the benefit of said Fund and the Board shall direct the distribution thereof."

■ Persons entitled to compensation when an injury results in death are set out in Section 8 and 8a of Article 8306, and such persons as legal beneficiaries must assert their right to compensation by filing a claim with the Board.

In the present case no claim has been filed by a person claiming to be a beneficiary.

The Board on April 24, 1958, found that the deceased employee "did not leave any legal beneficiaries under the provisions of the Act" and ordered the appellee herein to pay the sum of $1,500 to the Second Injury Fund as provided by the Act.

Appellee as plaintiff perfected its appeal to the District Court and upon stipulated facts submitted the case to the court and a judgment was rendered that the Second Injury Fund take nothing.

It is admitted that there is no direct evidence available as to whether the deceased was or was not survived by any statutory beneficiary entitled to compensation.

One question to be determined is that since the statute does not set out who shall have the burden of proving or disproving the existence of a statutory beneficiary, it is essential that we decide upon whom such burden rests, if it may be placed.

■ The intent of the Legislature is to be considered and as is set out in 39 Tex. Jur. 166, Statutes, Sec. 90, that:

"The intention of the Legislature in enacting a law is the law itself, 'the essence of the law,' and 'the spirit which gives life' to the enactment. Hence, the aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify or thwart it."

As may be observed Section 12c–2 reads in part "where there is no person entitled to compensation surviving said employee" the association shall pay to the board, etc.

■ The Second Injury Fund is a claimant seeking a recovery from the association.

Article 8307, Section 5, provides:

" * * * Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law, and the suit of the injured employee or person suing on account of the death of such employee shall be against the Association. * * * If the final order of the Board is against the Association,

then the Association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause, instead of the Board, upon trial de novo, and the burden or proof shall be upon the party claiming compensation."

We believe that the statute is clear and unambiguous and that there is no room for construction. Gaddy v. First National Bank of Beaumont, 115 Tex. 393, 283 S.W. 472.

This is an instance of statutory liability and until certain facts exist, there is no liability.

■ In the Workmen's Compensation Act, the burden of proof is placed on all claimants. It is not within the province of the courts to legislate; this is for the Legislature. International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040; Railroad Comm. of Texas v. Houston Natural Gas Corp., 155 Tex. 502, 289 S.W.2d 559.

In the case of State v. Bothe, Tex.Civ. App., 231 S.W.2d 453, no writ history, the court in an opinion by Justice Norvell, reviewed the social and economic factors prompting the Legislature to create the Second Injury Fund. The court states (loc. cit. at page 458):

"* * * Payments into the second injury fund are made by insurance carriers upon death claims in cases where no one is entitled to a compensation award under the statute."

Appellant takes the position that where there is no person entitled to compensation surviving and the carrier has no duty to pay compensation under the Act, it has the duty to pay the statutory sum into the Second Injury Fund and the Fund is not a claimant of compensation but is the claimant of a statutory sum in lieu thereof.

Our attention is directed to cases such as Phoenix Indemnity Co. v. Staten Island Rapid Transit Ry. Co., 251 N.Y. 127, 167 N.E. 194 and Commission of Taxation and Finance v. Buffalo Standard Foundry, 4 A.D.2d 894, 167 N.Y.S.2d 241.

The further contention is that since the payment to the Fund is not compensation the Fund does not have the burden of proof as a claimant has, and that the burden rests on appellee to show that at least *one* person entitled to compensation survives the deceased employee as a defensive matter.

There are no Texas cases deciding where the burden of proof lies under Section 12c–2.

■ We conclude that the liability of the Association to the Second Injury Fund is statutory only when a deceased employee dies accidentally with no beneficiaries surviving and that there is no proof that such is the case in this instance.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, Justice (dissenting).

Texas Employer's Insurance Association was the carrier of Workmen's Compensation Insurance for San Angelo By-Products, Inc. and an employee of such concern having received fatal injuries while engaged in work within the scope of his employment, the Association, under its policy of insurance and the Workmen's Compensation laws became absolutely and unconditionally obligated to pay to the legal beneficiaries of the deceased employee a sum of not less than $3,240 (Sec. 8, Art. 8306, V.A. C.S.) or in the absence of any legal beneficiary to pay to the Second Injury Fund the sum of $1,500 (Sec. 12c–2, Art. 8306, V.A.C. S. This amount was increased to $3,000 in 1957. Acts 1957, 55th Leg. p. 1186.)

Under the majority opinion the insurance carrier, appellee, is not required to pay any sum of money to anyone.

From this holding, I respectfully dissent.

I believe a judgment in favor of the Second Injury Fund sustainable upon three separate grounds: (1) the undisputed circumstances are sufficient to establish as a matter of law the nonexistence of surviving legal beneficiaries, (2) it was incumbent upon the carrier to establish the nonexistence of surviving legal beneficiaries, (3) the statutes involved are subject to the construction that the insurance carrier's obligation to pay the stated sum to the Second Injury Fund accrues upon the failure of any legal beneficiary to file claim for benefits within a reasonable time from the death of the employee, the record here showing, as a matter of law, the expiration of such period.

Most of the facts are stated in the majority opinion and they will not be repeated here. Briefly they show that diligent but unsuccessful inquiry was made to ascertain the identity of the deceased employee.

To be noted also is the fact that no claim for benefits was filed with the Board for more than two years after the death of the employee, whereas the statute requires such claim to be filed within six months after such death, but for good cause this requirement may be waived by the Board. Art. 8307, Sec. 4a, V.A.C.S.

The beneficiaries named in the statute (Art. 8306, Sec. 8a, V.A.C.S.) are the husband or wife, the minor children, parents and stepmother, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employee.

Human emotions and nature are such that, in my opinion, the failure for more than two years of any of those persons named in the statute to come forward and establish the identity of the deceased and their relation to him is proof that they do not exist. This proof and the intensity of the effort made to learn the identity of

the deceased employee being all the evidence and being free from suspicion its acceptance by the Trial Court was required.[1]

In Sec. 43, p. 38, Vol. I, Texas Law of Evidence, 2d Ed., by McCormick and Ray, entitled: Test for Determining Location of Burden of Persuasion, the authors pose these questions:

"Since the court conducts no independent investigation, it must apportion between the parties the burden of persuasion. How is this done? What considerations influence the court in making this distribution? Is there any one general test for all cases?"

After some discussion the answer given is:

"In answer to the questions propounded above it is at once apparent that no one universal solvent has been found for all cases. This is just as well, for none is necessary. The real determination in each case should rest upon broad considerations of fairness, convenience, and policy, based upon experience in the varying situations. And this is undoubtedly the underlying basis of the decisions in most cases, although it is seldom mentioned in the opinions."

Consideration of fairness and public policy compel the conclusion here that the insurance carrier who has voluntarily undertaken for compensation to unconditionally pay one of two sums of money upon the death of an employee killed while engaged in the scope of his employment should be charged with the duty of establishing facts to justify the Board in making an award for the lesser amount.

It has been held that the burden of persuasion as to many defensive matters is laid upon the defendant. Sec. 43, McCormick and Ray, supra. For instance the

1. Compare the quantum of proof necessary to establish death at common law and under our statute, Art. 5541, V.A.

C.S. Sec. 83, McCormick and Ray, Texas Law of Evidence, 2nd Ed.

authors there state "In negligence actions, sound policy, convenience of proof, and fairness have each been partly responsible for the rule requiring defendant to prove contributory negligence."

"Sound policy" requires an insurance carrier to honor its obligations. "Fairness" requires an insurance carrier to establish facts necessary to lessen its liability. "Convenience of proof" is identical to both parties in proving that there are no legal beneficiaries.

The third ground of recovery is based upon the familiar principle that when the time for performance of a required act is not specified, that performance should occur within a reasonable time.

I would render judgment against appellee.