INDUSTRIAL ACCIDENT BOARD OF THE STATE OF TEXAS V.
TEXAS EMPLOYERS' INSURANCE ASSOCIATION

No. A-7953. Decided April 19, 1961
Rehearing overruled May 17, 1961
(345 S. W. 2d Series 718)

*Will Wilson,* Attorney General, *W. O. Schultz and Tom I. McFarling,* Assistant Attorneys General, for petitioner.

*Hardeman, Smith & Foy,* of San Angelo, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is an appeal from a trial court award in favor of the Second-Injury Fund against the Texas Employers' Insurance Association for $1,500.00. The case was tried on stipulated facts. On June 2, 1957, an employee of San Angelo By-Products, Inc., died after being injured on the 31st day of May, 1957, in a butane gas explosion. The deceased employee was known to his employer as Pedro Robles, and he was carried on the employment records of San Angelo By-Products, Inc., as Pedro Robles. He had presented a Social Security card to his employer which bore the number 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 which showed that it had been issued to Pedro Robles. It is conceded that there is a Pedro Robles alive today who was issued Social Security card No. 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 and that he is not the person who was fatally injured in the explosion in question.

The parties have stipulated that on the 31st day of May, 1957, there was in full force and effect a Workmen's Compensation insurance policy issued by the plaintiff, covering the employees of San Angelo By-Products, Inc., including the deceased employee, who, while acting in the scope and course of his employment on the 31st day of May, 1957, received accidental injuries which resulted in his death on the 2nd day of June, 1957. It is admitted that there is no direct evidence available as to whether the deceased was or was not survived by any statutory beneficiary entitled to compensation.

The record shows that up to July 31, 1959 no person claiming to be a beneficiary under the Workmen's Compensation Act had filed with the Industrial Accident Board a claim for benefits by virtue of the death of Pedro Robles. It is further shown that the deceased was badly burned by the explosion and that neither the Board nor the insurance company know the identity of the deceased, nor whether or not there is any person entitled to compensation surviving the deceased.

On April 24, 1958, the Board found that the deceased employee did not leave any legal beneficiaries, as defined in the Act, and ordered the insurance company to pay $1,500.00 to the Second-Injury Fund. The company duly perfected its appeal to the District Court of Tom Green County, Texas. The case was tried on the stipulations before the court without a jury, and judgment rendered for the company. The Board appealed to the Court of Civil Appeals which affirmed the judgment of the trial court. 336 S.W. 2d 216.

The Board, petitioner herein, has three points of error. The first is that the Court of Civil Appeals erred in holding that the Board is a claimant of compensation under the Workmen's Compensation Act, and that by virtue of Art. 8307, Section 5, Vernon's Annotated Texas Civil Statutes, it has the burden of proving that the deceased was survived by no legal beneficiaries in order to recover for the Second-Injury Fund.

Section 12c-2, Art. 8306, V.A.C.S., provides for the Second-Injury Fund, and its administration and § (a) is the portion applicable to our case and reads as follows:

"(a) In every case of the death of an employee under this Act where there is no person entitled to compensation surviving said employee, the association shall pay to the Industrial Accident Board the sum of One Thousand Five Hundred Dollars ($1,500)[1] to be deposited with the Treasurer of the State for the benefit of said Fund and the Board shall direct the distribution thereof."

■ The Board contends that when it seeks to recover for the Second-Injury Fund it is not a claimant of compensation under the terms of § 5, Art. 8307, V.A.C.S. That Article provides, among other things, that when an appeal is taken from the award of the Board to the courts, that "the burden of proof shall be upon the party claiming compensation." We agree that the benefits received by the Second-Injury Fund are not compensation under the Workmen's Compensation Act, but are only payments into the Fund for the benefit of those receiving a second injury under the terms of the Act. "Such payments [to the State for the Second-Injury Fund] are not measured in amount by the character or extent of the employee's injury or by the amount of his earnings, which are essential to award-

---

1. This Act has since been amended to provide for $3,000 payment.

ing compensation. Instead payments into the State fund are fixed in an arbitrary amount by the legislature, and such payments are not obtained by 'proceedings for compensation for an injury.' * * *'' Maillat v. Village Marcellus, 329 Mich. 370, 45 N.W. 2d 325 (1951). See also State Treasurer v. West Side Trucking Co., 233 N. Y. 202, 135 N.E. 244 (1922).

■ When we come to fix the burden of proof, we find that the statute is silent as to who has the burden of proof. The terms of § (a), 12c-2, Art. 8306, V.A.C.S. fix the liability on the carrier to pay to the Second-Injury Fund "where there is no person entitled to compensation surviving said employee." Until the fact that there is no person entitled to compensation surviving the deceased employee, is established, the Second-Injury Fund is not entitled to receive any funds. Stated in another way, the carrier is not liable for payments into the Second-Injury Fund until it is shown there are no persons entitled to compensation who survive the deceased, and there is no liability on the carrier until such fact is established. It is elementary that the party seeking recovery of benefits must establish that he or it is entitled to such benefits. The only way the Second-Injury Fund can establish that it is entitled to the benefits is to establish there are no persons entitled to compensation surviving the deceased employee. Until this fact is established, the Second-Injury Fund has not qualified under the statute for the benefits sought; therefore, the burden of proof was properly placed upon the Board to show that the facts entitle it to recover.

The principal case relied upon by the Board for placing of the burden of proof upon the insurance carrier is State Treasurer v. West Side Trucking Co., supra. This is a case wherein an employee died. Notice of death was given by the employer and the insurance carrier to the Industrial Board. No claimant appeared for one year, after which time the Board held a hearing and awarded the money to the State Treasurer for the Second-Injury Fund, giving as its reason for so doing that no person had filed a claim under the Act for compensation. Under the New York statute the right to claim compensation is forever barred unless a claim for compensation is filed within one year after the accident or death. The case discussed the burden of proof, and places the burden on the insurance company; however, it rests its result on the fact that no claimant had filed within the one year statutory limitation period.

We prefer to follow the courts of Michigan and Idaho on

the issue of the burden of proof. Their statutes are similar to our Texas statutes, although they omit the word "entitled" to compensation. These statutes say "shall leave no dependents within the meaning of the Act," or similar language.

A leading case in point is Killion v. E & L Transport Company, 321 Mich. 80, 32 N.W. 2d 57, (1948). In that case, as in our case here, no claim has been made for compensation benefits. There, as here, the State relied upon the failure of a beneficiary to make a claim as a ground for recovery. In rejecting this claim the Michigan court said:

> "There is nothing in the Michigan Act stating that failure of dependents to file a claim is evidence of the nonexistence of dependants * * *. No showing was made that there were no dependents. It was incumbent upon the State Treasurer or his representative to prove that there were no dependents," citing Riley v. Kohlenberg, 316 Mich. 144, 25 N.W. 2d 144.

The Idaho case is In re Stewart, State Ex Rel Gallet, State Auditor v. Bunker Hill & Sullivan Mining & Concentrating Company, 49 Idaho 557, 290 P. 209, 210. There the court held that the burden is on the state claiming $1,000.00 for the employee's death to prove there are no dependents and "failure to file a claim raises no presumption of the nonexistence of dependents."

The Court further noted on the basis of this statute that the right of the Second-Injury Fund to recover depended upon certainties that there were no persons entitled to compensation, not mere possibilities that such was the case. Following this decision by the Idaho Supreme Court the Legislature passed an act providing that if there were no claims filed by dependents within one year from the employee's death the Fund should recover without having to prove that there were no dependents.

Under Petitioner-Board's second point it is asserted that the true test is not that there exist no legally qualified beneficiaries, but that there exist no persons surviving the deceased who are entitled to compensation. In support of this argument, the Board refers to a number of cases from the State of New York, which has a somewhat similar statute to that of our state. In death cases our statute fixes liability on the insurance carrier to pay into the Second-Injury Fund where "there are

no persons entitled to compensation." The New York statute requires payment into the Second-Injury Fund in death cases where "there are no persons entitled to compensation."

The New York cases cited by the Board are each cases where the record showed there were beneficiaries, but for one reason or another these beneficiaries could not recover. For example, a deceased employee's widow filed a claim, but died before an award was made; a deceased employee's widow elected to sue third party rather than claim compensation; a deceased's widow and minor children were entitled to civil service benefits and could not recover compensation benefits; a deceased's widow and minor children had settled with carrier under law of another state. We agree that before the Second-Injury Fund is entitled to be paid the $1,500[1] set out in the statute, it must be be shown that there exists no person entitled to compensation who survived the deceased.

■ By its third point of error the Board attacks the holding of the Court of Civil Appeals that there was no evidence that the deceased employee was not survived by a person entitled to compensation who survived the deceased. The stipulation is that neither party knew the identity of the deceased, nor whether or not he was survived by any qualified beneficiary. This is not evidence that he *was not* survived by a qualified beneficiary; nor is it evidence that he *was* survived by a qualified beneficiary. It is not any evidence to prove either contention.

■ The Board contends that since the stipulation shows no qualified beneficiary had made a claim within two years after the death of the employee, this fact raised an inference, or presumption, that no qualified beneficiary survived the deceased, and it therefore became the burden of the insurance company to show that such a person did exist. The answer to this is that under the circumstances of this case no inferences or presumptions arise that there are no persons surviving the deceased who are entitled to compensation. The cases cited (Hensel v. Kegans, 79 Tex. 347, 15 S.W. 275—ancient deed 30 years old; and Mexican Cent. Ry. Co. v. Lauricella, 87 Tex. 277, 28 S.W. 277—doctrine of res ipsa loquitur) by the Board on the effect of "inferences" and "presumptions" are not in point in the face of the statutory provision. The Second-Injury Fund is a creation of Art. 8306, §§ 12c, 12c-1 and 12c-2, and it is only

---

1. This Act has since been amended to provide for $3,000 payment.

when the facts meet the requirements of the Act that the Fund has any rights.

The Board says that Art. 8307, § 4a, requires that a claim for compensation be filed within six months after the occurrence of the injury or of the first distinct manifestation of an occupational disease. This same Article also provides that for good cause shown the Board may waive the strict compliance as to notice. There are many, many cases where good cause has been shown to delay the filing of notice of the claim long after the expiration of the six months period. Under the facts of this case, and the further fact that Texas has no definite terminal date beyond which legally qualified beneficiaries cannot recover, as is the case in New York, we hold that no presumption of want of legally qualified beneficiaries arose.

Considering the wording of our statute, and the absence of a definite terminal date beyond which claims may not be filed, we hold that the burden of proof to show that there are no persons entitled to compensation surviving the deceased rests upon the Second-Injury Fund seeking to recover the benefits provided.

The judgments of both courts below are affirmed.