No. 1620. Eilers et al. *v.* Hercules, Inc., et al. Ct. Civ. App. Tex., 9th Sup. Jud. Dist. Certiorari denied.

Mr. Justice Black, with whom Mr. Justice Douglas joins, dissenting.

Glenn Patrick was killed and Earl Eilers was severely injured when a defective dome lid on a railroad tank car, upon which they were working in the performance of their duties, exploded in their faces. Patrick's widow and her two children and Eilers, the injured workman, brought this action in the Texas state courts seeking recovery for their injuries under the Safety Appliance Acts, 27 Stat. 531, as amended, 45 U. S. C. § 1 *et seq.* They named as defendants Union Tank Car Co., the corporate owner of the tank car, Hercules, Inc., the lessee of the car, and the Atchison, Topeka & Santa Fe Railway Co., the railroad which delivered the car. The case was tried to a jury. The evidence at trial showed that the two workmen were sent to open the dome lid on top of the tank car. If functioning properly, the dome lid would have been loose and would have permitted the pressure accumulating during the loading of the car to escape. But rust and corrosion had caused the dome lid to freeze closed and, as the two workmen mounted the car, the lid exploded, killing one and crippling the other. In response to a special-issue charge submitted by the trial judge, the jury found that the dome lid of the tank car in question was a safety appliance within the coverage of the Safety Appliance Acts, that the dome lid had failed to operate properly to release the car's internal pressure, and that such failure was the proximate cause of the explosion and injuries. The jury awarded $80,000 each to Patrick's widow and two children, and $42,000 to Eilers.

The Texas Court of Civil Appeals reversed and rendered judgment for the respondents, holding that as a matter of law the dome lid of the tank car was not a safety appliance so as to invoke the absolute liability for violation of the Safety Appliance Acts. Believing that the court below is wrong in its interpretation of the Acts, I would grant the petition for writ of certiorari, reverse the decision below, and reinstate the jury verdict.

The Texas appellate court recognized that the dome lid in this case was designed to serve the dual function of an opening through which the car could be filled and an escape for pressure resulting from the filling. Indeed, the court below seemed to concede that the dome lid was a "safety appliance" but held that it was not covered by the Safety Appliance Acts because it was not specifically mentioned in the Acts or the regulations of the Interstate Commerce Commission. That court took this step in the face of this Court's express decision in *Shields* v. *Atlantic Coast Line R. Co.*, 350 U. S. 318 (1956), that the Safety Appliance Acts are not limited to those devices specified in the Acts and the Commission regulations. As we said in that case: "At best, appliances standardized in Commission regulations represent the minimum of safety equipment, and there is no prohibition of additional safety appliances." *Id.*, at 324. We held in *Shields* that if a safety appliance is provided by the railroad or the makers of the car and used by the railroad as an appliance necessary for the use of the car, it must be safe.

One man is dead and another is crippled for life because the dome lid on the tank car furnished by the respondents was defective. The dome lid was provided by the respondents as a safety appliance; its failure to function properly was the proximate cause of the explosion and injuries. In my view, petitioners have shown a

violation of the Safety Appliance Acts and therefore the decision below, depriving the petitioners of the jury verdict to which they were entitled, should be reversed. I dissent from the denial of the petition for writ of certiorari.