TEXAS EMPLOYERS' INSURANCE ASSOCIATION

v.

SECOND INJURY FUND of the State of Texas.

No. 8275.

Court of Civil Appeals of Texas, Beaumont.

June 28, 1979.

Robert L. LeBoeuf, Houston, for appellant.

Donald M. Hugins, Houston, Paul R. Gavia, Austin, for appellee.

KEITH, Justice.

The defendant below appeals from an adverse judgment involving a death claim under the Workers' Compensation Statute.

Percy Hall Smith, Jr., died of injuries he received in the course of his employment with Cities Service Company. His adult sons and estranged wife filed claims for death benefits under the compensation stat-

ute and the Industrial Accident Board made and entered its final award in the case.

Texas Employers' Insurance Association, the compensation insurance carrier for the deceased's employer, duly perfected an appeal from the final award to the district court naming the adult sons, the estranged wife, and the Second Injury Fund as defendants. All claimants thereafter filed pleadings seeking the maximum death benefits under the Act.

In effect, the jury found that the wife had abandoned the deceased without good cause for a period of three years before his death and that the sons were not dependent upon him. The judgment denied the wife and sons any benefits, and no appeal has been perfected from that portion of the judgment.

The Court entered judgment in favor of the Second Injury Fund for the maximum benefits payable in a lump sum after discount, and the carrier has appealed.

The rights and liabilities are governed by the provisions of *Tex.Rev.Civ.Stat.Ann. art. 8306, § 12c–2 (Supp.1978–79)*, quoted in the margin.[1]

■ It was shown by answers to interrogatories that on June 6, 1978, the Second Injury Fund had a gross balance of $294,343.25, with existing liabilities of $14,729.00, or a net balance of $279,614.25. Although the trial did not commence until August 28, 1978, the Fund went to trial without amending its answers to interrogatories as is required by *Tex.R.Civ.P. 168*. Therefore, it is bound to these undisputed answers as they were offered and accepted into evidence at trial. See *Richards v. Boettcher*, 518 S.W.2d 286, 288 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.); *Barnwell v. Fox & Jacobs Constr. Co.*, 469 S.W.2d 199, 205–06 (Tex.Civ.App.—Dallas 1971, no writ); *Hercules, Inc. v. Eilers*, 458 S.W.2d 221, 232–33 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.), cert. denied, 403 U.S. 937, 91 S.Ct. 2251, 29 L.Ed.2d 717 (1971).

■ In every death case arising under the Workers' Compensation Act the Fund is a contingent claimant of the benefits payable because of the death of the employee. The statutes both create and measure the rights of the parties. *Second Injury Fund v. Keaton*, 162 Tex. 250, 345 S.W.2d 711, 713 (1961). But, as held in *Industrial Accident Board v. Texas Employers' Ins. Ass'n*, 162 Tex. 244, 345 S.W.2d 718, 720 (1961), the Fund is not entitled to receive payments under the Act until it establishes that "there [are] no person[s] entitled to compensation surviving the deceased employee."

Also, as was held in *Industrial Accident Board*, supra, "It is elementary that the party seeking recovery of benefits must establish that he or it is entitled to such benefits." The Court noted that the Act was silent as to the burden of proof and held that "the burden of proof was properly placed upon the Board to show that the facts entitle it to recover." *Id.*

Another well-established rule should be mentioned at this point, namely, that when a state voluntarily submits itself to the jurisdiction of the courts, it becomes subject to the rules governing other litigants. See and compare *Anderson, Clayton & Co. v.*

---

1. *Section 12c–2*: "The special fund known as the 'Second Injury Fund' shall be created in the following manner:

"(a) In every case of the death of an employee under this Act where there is no person entitled to compensation surviving said employee, the association shall pay to the Industrial Accident Board the full death benefits, but not to exceed 360 weeks of compensation, as provided in Section 8, of Article 8306, Revised Civil Statutes of Texas, 1925, as amended, to be deposited with the Treasurer of the State for the benefit of said Fund and the Board shall direct the distribution thereof.

"(b) When the total amount of all such payments into the Fund, together with the accumulated interest thereon, equals or exceeds Two Hundred Fifty Thousand Dollars ($250,000) in excess of existing liabilities, no further payments shall be required to be paid to said Fund; but whenever thereafter the amount of such Fund shall be reduced below One Hundred Twenty-Five Thousand Dollars ($125,000) by reason of payments from such Fund, the payments to such Fund shall be resumed forthwith, and shall continue until such Fund again amounts to Two Hundred Fifty Thousand Dollars ($250,000) including accumulated interest thereon."

*State*, 122 Tex. 530, 62 S.W.2d 107, 110 (1933).

 Making application of these elementary rules, we now hold that the Fund labored under the burden of proving two facts to the satisfaction of the trier of the facts before it was entitled to judgment under the Act: (1) that the deceased was not survived by beneficiaries entitled to receive the compensation benefits; *and* (2) that there was not in the fund a sum more than $250,000 in excess of all existing liabilities.

The Fund was entitled to recover the benefits only upon a showing that there was less than $250,000 in the fund; it made no such showing. On the contrary, it established that there was more than that sum in the fund. Consequently, the Fund "has not qualified under the statute for the benefits sought." *Industrial Accident Board v. Texas Employers' Ins. Ass'n*, supra (345 S.W.2d at 720).

There are hints in the brief filed by the Fund that the figures given under oath may have been erroneous.[2] We are not authorized to consider out-of-the-record statements contained in briefs. See generally *Joiner v. Federal Deposit Ins. Corp.*, 488 S.W.2d 953, 954 (Tex.Civ.App.—Amarillo 1972, no writ); *Dale Truck Line, Inc. v. R. & M. Well Serv. & Drilling Co.*, 286 S.W.2d 446, 450 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.).

The time for the Fund to have made proof of its right to recover was in August, 1978, in the trial of the cause in the District Court and by sworn testimony. Suggestions in the brief constitute no evidence of probative force.

2. It is stated in the brief of the Fund, more in the nature of an apology than as a fact: "[W]hile the answers of Jerry Belcher, Executive Director of the Industrial Accident Board of the State of Texas, given in his deposition and the answers to the written interrogatories propounded by TEIA to the Second Injury Fund were believed to be correct when given, it now appears that the net balance of the Second Injury Fund as of the date of trial was under $250,000.00, net of existing liabilities. The dis-

We conclude that the Fund has not established its right to recover benefits under the rationale of *Industrial Accident Board v. Texas Employers' Ins. Ass'n*, supra. Consequently, we enter the judgment which the trial court should have entered: that the Fund as a claimant have and recover nothing from the carrier. This disposition of the case makes it unnecessary for us to consider the other points of error brought forward by the carrier.

REVERSED and RENDERED.

DIES, C. J., not participating.

crepancy between the answers given under oath and the actual figures are attributable to accounting errors which were not corrected by the Board's accountants until April, 1979.

"The actual figures were not made known to the undersigned [counsel] until May 10, 1979."

We refrain from commenting upon accounting procedures involving public funds, simply noting that judgment was entered on December 18, 1978, and Fund's brief was served upon opposing counsel May 15, 1979.