CORNELIUS, Chief Justice.

**The INDUSTRIAL ACCIDENT BOARD and Second Injury Trust Fund, Appellants,**

v.

**HARTFORD CASUALTY INSURANCE COMPANY, Appellee.**

No. 9102.

Court of Appeals of Texas, Texarkana.

March 29, 1983.

Mark White, Atty. Gen., Ward Allen White, III, Asst. Atty. Gen., Austin, for appellants.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

At times relevant to this appeal, Tex.Rev. Civ.Stat.Ann. art. 8306, § 12c–2 (Vernon 1967) provided that in case of the death of an employee covered by the Worker's Compensation Act, when there is no person entitled to compensation surviving the employee, the association or carrier shall pay the full death benefits for such employee to the Board for the benefit of the Second Injury Fund, unless the total amount of payments in the Second Injury Fund, together with accumulated interest, equals or exceeds $250,000.00 in excess of liabilities, in which case no payment shall be required.

On September 11, 1978, the Industrial Accident Board found that Charlie Tiedt, an employee of Hartford's insured, was accidentally killed while in the scope of his employment, and there was no surviving person entitled to compensation. The Board also found that the amount of deposits and interest, less liabilities, in the Second Injury Fund at that time was more than $250,000.00, and no payment to the Fund by Hartford was required. No appeal of that order was taken. On May 17, 1979, the Board, on its own motion, reviewed the previous order and entered a new order requiring Hartford to pay the Second Injury Fund the Charlie Tiedt death benefits amounting to $28,848.69. The reason for the new order was an attorney general's opinion which advised that in determining the amount on deposit in the Second Injury Fund, claims which had been filed but not approved for payment should be counted as liabilities. Prior to the issuance of that opinion, only those claims filed *and approved for payment* had been counted as liabilities. By using the new accounting procedure, the amount on deposit in the Second Injury Fund at the time of Tiedt's death was less than the $250,000.00 set by Section 12c–2.

Hartford filed suit to set aside the second order, and the District Court granted its motion for summary judgment on the ground that the Board had no authority to review its earlier order which had become

final. The Board and the Second Injury Fund argue here that the earlier order was based upon a mistake of fact as to the amount of deposits in the fund, and that Section 12d of Article 8306 permitted it to review and change that order. Article 8306, § 12d of Tex.Rev.Civ.Stat.Ann. (Vernon 1967) provides:

"Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. Review under this Section shall be only upon notice to the parties interested."

By its express terms, Section 12d is limited to orders ending, diminishing, increasing, or denying compensation. In another context our Supreme Court has ruled that benefits received by the Second Injury Fund are not compensation within the meaning of the Worker's Compensation Act. *Industrial Accident Bd. v. Texas Employers' Ins. Ass'n*, 162 Tex. 244, 345 S.W.2d 718 (Tex. 1961). At any rate, the original order here was not an order ending, increasing or diminishing compensation. If, in the posture of this case, the order can be considered as one denying compensation, it could only be reviewed under Section 12d pursuant to an application to review, and not on the Board's own motion. Additionally, the basis of the change in the previous order was a clarification of the law resulting from the issuance of an attorney general's opinion, which would not constitute the kind of factual mistake contemplated by Section 12d.

See *Gentry v. Travelers Insurance Co.,* 459 S.W.2d 709 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.).

For the reasons stated the judgment of the trial court is affirmed.