TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00467-CV







Texas Property and Casualty Insurance Guaranty Association, as Receiver

for Employers' Casualty
, Appellant


v.



Texas Workers' Compensation Commission, Subsequent Injury Fund, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 98-13683, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Appellant Texas Property and Casualty Insurance Guaranty Association (the
"Association") appeals from the summary judgment rendered against it in a suit by the Texas
Workers' Compensation Commission, Subsequent Injury Fund (the "Fund") to recover death
benefits under the Texas Workers' Compensation Act. We will affirm the trial court judgment.


Factual and Procedural Background



 The Fund exists to assist insurance carriers in paying lifetime income benefits to
a twice-injured worker so that the insurance carrier is responsible only for that percentage of
benefits attributable to the second, or subsequent, injury. Tex. Lab. Code Ann. § 408.162 (West
1996); see State v. Bothe, 231 S.W.2d 453, 458 (Tex. Civ. App.--San Antonio 1950, no writ). 
The Association is a statutorily created entity whose purpose is to pay covered claims of impaired
insurance companies doing business within the state. See generally Tex. Ins. Code Ann. art
21.28-C §§ 1-27 (West Supp. 2001) (the "Guaranty Act").(1) If a compensable injury to an
employee results in death, an insurance carrier is obligated to pay death benefits. Tex. Labor
Code Ann. § 408.181 (West Supp. 2001). The Labor Code establishes a detailed plan to
determine the distribution of death benefits. Tex. Labor Code Ann. § 408.182 (West 1996). If
an employee is not survived by any of the natural persons who can qualify as beneficiaries, the
death benefits are paid to the subsequent injury fund. Id. at 408.182(e). The statutory scheme
always provides for payment of benefits when a qualified death occurs.

 It is undisputed that John Wesley Proffer's death qualified for benefits under section
408.181. Certain individuals claiming to be Proffer's statutory beneficiaries presented a claim to
the Texas Workers' Compensation Commission. The Commission denied those claims. One
claimant sought judicial review. Upon the Commission's determination that no other statutory 
beneficiary existed, it ordered the insurer to pay the weekly death benefits to the Fund. Upon the
insurer's impairment, the Association continued to pay those benefits. After the suit for judicial
review was dismissed, however, the Association terminated the payments to the Fund. The Fund
sued to recover the remaining payments as specified in the Labor Code; the trial court found in
favor of the Fund.

 The Association brings three issues on appeal, contending that no evidence supports
a summary judgment for conversion, that it is not an "insurance company" who must make
payments to the Fund, and that the Fund did not present a "covered claim" eligible for payment. 
We begin with the third issue.


Discussion


 The standard for reviewing a motion for summary judgment is well established: 
(1) the movant has the burden of showing that no genuine issue of material fact exists and that it
is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence favorable to the non-movant will be taken as true;
and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985). In this case, the trial court's order does not state the specific grounds upon which summary
judgment was granted. When a trial-court order granting summary judgment does not specify the
ground or grounds relied on for the ruling, the reviewing court affirms the summary judgment 
on appeal if any of the theories advanced are meritorious. State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 380 (Tex. 1993); Rogers v. Ricane Enters. Inc., 772 S.W.2d 76, 79 (Tex.
1989).


Covered Claim

 In its third issue, the Association contends that the Fund has not presented a
"covered claim" to the Association, nor can the Fund meet the definition of a "claimant" who can
present such a covered claim:


A 'covered claim' means an unpaid claim of an insured or third-party liability
claimant that arises out of and is within the coverage and not in excess of the
applicable limits of an insurance policy to which this Act applies . . . if the third-party claimant or liability claimant or insured is a resident of this state . . . .



Guaranty Act § 5(8). A "claimant" is any insured making a first-party claim or any person
instituting a liability claim. Id. § 5(5).

 The Association argues that a workers' compensation insurance policy is not a
liability policy; therefore, it asserts there can be no liability claimants, third-party liability
claimants, or third-party claimants.(2) Inasmuch as the Fund is not the insured, the Association
argues, the Fund cannot meet the definition of a claimant who is eligible to have a covered claim
because it cannot be a liability claimant. We need not discuss the nature of workers' compensation
insurance nor the exact parameters of the word "liability" as used in the Guaranty Act because the
Association's construction of the statute would lead to an unreasonable result. If the deceased
worker had been survived by a natural person who qualified as a beneficiary, that beneficiary,
under the Association's argument, would not be entitled to death-benefit payments upon an
insurer's impairment because that beneficiary would not be the insured or a liability claimant. In
other words, under the Association's construction of the Guaranty Act, death benefits cease upon
an insurer's impairment and can never be a "covered claim."

 Many types of insurance and coverages are specifically excluded from the Guaranty
Act's scope, for example, title insurance. Guaranty Act § 3(a)(6); see generally id. at (a)(1)-(9).
Neither workers' compensation insurance in general nor death benefits under workers'
compensation are specifically excluded from the Guaranty Act's scope. If the legislature in the
Guaranty Act had intended to do so, the extensively enumerated exclusions suggest that the
category of benefits would have been specifically enumerated as well, rather than excluded through
the general definition of a covered claim. Further, if a conflict exists between the Guaranty Act
and the Texas Workers' Compensation Act, the Workers' Compensation Act controls. Id.
§ 25(b)(1). The Workers' Compensation Act creates a detailed system to determine the recipients
of death benefits, one of which is the Fund. The Fund, for purposes of death benefits, has the
same status as other claimants attempting to qualify under the statute. See Industrial Accident Bd.
v. Texas Employers Ins. Ass'n, 336 S.W.2d 216, 218-19 (Tex. Civ. App.--Austin 1960), aff'd,
345 S.W.2d 718, 722 (Tex. 1961). Under no circumstances, however, does an insurer simply
cease paying benefits before the end of the specified period; there is always a beneficiary. That
system would be thwarted by the Association's construction of the Guaranty Act, which would
always terminate death benefits upon the impairment of an insurer. Therefore, we conclude that
the Association must make these payments in the place of the impaired insurance company for the
complete period as specified in the Workers' Compensation Act. We overrule the Association's
third issue.


Insurance Company


 In its second issue, the Association argues that it is not an "insurance company" and
so not liable to make payments to the Fund. The Association relies on the language in the
Guaranty Act that says that it shall not be considered to be in the business of insurance. Guaranty
Act § 8(b). However, we have determined that the Fund has a covered claim. That same section
states that the Association is considered the insurer to the extent of its obligation on the covered
claims and has all rights, duties, and obligations of the impaired insurer as if the insurer had not
become impaired. See In re Texas Property & Casualty Ins. Ass'n, 989 S.W.2d 880, 885 (Tex.
App.--Austin 1999, orig. proceeding) ("when the Guaranty Association takes on the liability of
an insurer pursuant to the mandates of the Guaranty Act, it is entitled to Chapter 110 [charitable
care] indemnity under the principles of common-law subrogation in the same manner that
indemnity would otherwise flow to the insurer but for the insurer's impaired status"). 
Accordingly, we conclude that the Association must take on the impaired insurer's obligations to
pay death benefits to the Fund under these circumstances. We overrule the Association's second
issue.

Cause of Action

 In its first issue, the Association complains that there is no evidence to support a
summary judgment that appellant converted the Fund's property. As a preliminary matter, we
note that embedded in its argument is a claim of sovereign immunity, presumably immunity from
liability as the Insurance Code permits suits against the Association. See Guaranty Act § 8(h)(3)
(may sue or be sued); Missouri Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812,
813-14 (Tex. 1970) ("sue or be sued" language waives immunity from suit; distinction between
immunity from suit and immunity from liability). Immunity from liability is an affirmative
defense that must be pleaded or is waived. Kinnear v. Texas Comm'n on Human Rights ex rel.
Hale, 14 S.W.3d 299, 300 (Tex. 2000); Texas Dep' t of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999); see Southwest Airlines Co. v. Texas High Speed Rail Authority, 867 S.W.2d 154, 157
n.6 (Tex. App.--Austin 1993, writ denied). The Association did not plead immunity; accordingly,
that claim, made for the first time on appeal, is waived.

 Although the Association frames its issue in terms of "no evidence" its real 
complaint appears to be that the Fund could not state a cause of action for conversion under the
facts of the case. The proper way to raise a complaint for failure to state a cause of action is by
special exception. Massey v. Armco Steel, 652 S.W.2d 932, 934 (Tex. 1983); Butler Weldments
Corp. v. Liberty Mut. Ins. Co., 3 S.W.3d 654, 658 (Tex. App.--Austin 1999, no pet.). If the trial
court sustains special exceptions, it then must give the party against whom exceptions were
sustained a chance to replead. Friesenhahn v. Ryan, 960 S.W.2d 656, 658-9 (Tex. 1998). 
Accordingly, we will consider the issue waived with regard to any matters that could have been
raised by special exception. We have already concluded that the Association must pay the Fund's
claim for death benefits as a matter of law. We overrule the first issue.


Conclusion



 We overrule the Association's three issues and conclude that it is liable to the Fund
for the death benefits that otherwise would have been paid into the Fund by the impaired insurer. 
We affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Jones*

Affirmed

Filed: February 28, 2001

Do Not Publish







* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. Because no changes in the Labor Code or Insurance Code affect the disposition of the case,
the current Codes are cited for convenience.
2. The Association states in its brief:


It has long been held in Texas that, rather than a liability policy against which an
injured worker makes a claim, workers' compensation coverage is a contractual
relationship in which the employer, employee, and the insurer are all principal parties,
which relationship is purely statutory and is primarily for the benefit of the employee.


It cites Maryland Casualty Co. v. Hendrick Memorial Hospital, 169 S.W.2d 969 (Tex. Comm'n
App. 1943) for that proposition. That case involved the question whether a medical provider
could sue an insurer directly to recover the cost of services provided to an injured worker. Id. at
970-71. The Court stated that there was a contractual relationship between the employer,
employee and insurer, and generally contracts are not construed as made for the benefit of non-parties. Id. at 973. However, the court went on to state that the provisions of the Workers'
Compensation law were incorporated into that contract and the intent of the Workers'
Compensation law was to allow such a recovery; holding that the medical provider could sue the
insurer directly to recover those costs. Id. The Association's interpretation of the case may be
overbroad.


"). 
Accordingly, we conclude that the Association must take on the impaired insurer's obligations to
pay death benefits to the Fund under these circumstances. We overrule the Association's second
issue.

Cause of Action

 In its first issue, the Association complains that there is no evidence to support a
summary judgment that appellant converted the Fund's property. As a preliminary matter, we
note that embedded in its argument is a claim of sovereign immunity, presumably immunity from
liability as the Insurance Code permits suits against the Association. See Guaranty Act § 8(h)(3)
(may sue or be sued); Missouri Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812,
813-14 (Tex. 1970) ("sue or be sued" language waives immunity from suit; distinction between
immunity from suit and immunity from liability). Immunity from liability is an affirmative
defense that must be pleaded or is waived. Kinnear v. Texas Comm'n on Human Rights ex rel.
Hale, 14 S.W.3d 299, 300 (Tex. 2000); Texas Dep' t of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999); see Southwest Airlines Co. v. Texas High Speed Rail Authority, 867 S.W.2d 154, 157
n.6 (Tex. App.--Austin 1993, writ denied). The Association did not plead immunity; accordingly,
that claim, made for the first time on appeal, is waived.

 Although the Association frames its issue in terms of "no evidence" its real 
complaint appears to be that the Fund could not state a cause of action for conversion under the
facts of the case. The proper way to raise a complaint for failure to state a cause of action is by
special exception. Massey v. Armco Steel, 652 S.W.2d 932, 934 (Tex. 1983); Butler Weldments
Corp. v. Liberty Mut. Ins. Co., 3 S.W.3d 654, 658 (Tex. App.--Austin 1999, no pet.). If the trial
court sustains special exceptions, it then must give the party against whom exceptions were
sustained a chance to replead. Friesenhahn v. Ryan, 960 S.W.2d 656, 658-9 (Tex. 1998). 
Accordingly, we will consider the issue waived with regard to any matters that could have been
raised by special exception. We have already concluded that the Association must pay the Fund's
claim for death benefits as a matter of law. We overrule the first issue.


Conclusion



 We overrule the Association's three issues and conclude that it is liable to the Fund
for the death benefits that otherwise would have been paid into the Fund by the impaired insurer. 
We affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Jones*

Affirmed

Filed: February 28, 2001

Do Not Publish







* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. Because no changes in the Labor Code or Insurance Code affect the disposition of the case,
the current Codes are cited for convenience.
2. The Association states in its brief:


It has long been held in Texas that, rather than a liability policy against which an
injured worker makes a claim, workers' compensation coverage is a contractual
relationship in which the employer, employee, and the insurer are all principal parties,
which relationship is purely statutory and is primarily for the benefit of the employee.


It cites Maryland Casualty Co. v. Hendrick Memorial Hospital, 169 S.W.2d 969 (Tex. Comm'n
App. 1943) for that proposition. That case involved the question whether a medical provider
could sue an insurer directly to recover the cost of services provided to an injured worker. Id. at
970-71. The Court stated that there was a contractual relationship between the employer,
employee and insurer, and generally contracts are not construed as made for the benefit of non-parties. Id.